DECISION AND JUDGMENT ENTRY
{¶ 1} Thomas Huff was indicted on 14 counts of environmental violations under R.C. 3734 on January 29, 2003. The charges included illegal transportation of scrap tires, operating an unlicensed scrap tire collection facility, open dumping of solid wastes, and criminal endangering under R.C. 2909.06. Huff's alleged violations of R.C. 3734 were all unclassified felonies punishable by two to four years incarceration and/or fines of $10,000 to $25,000.
 {¶ 2} At arraignment, the trial court found Huff indigent and appointed him an attorney. On the trial date, Huff's counsel informed the trial court that there would be a change of pleas. After the court read all 14 counts of the indictment and the punishment for each of the violations, Huff withdrew his not guilty pleas and entered pleas of guilty to all 14 counts. The court informed Huff of the consequences of his actions before accepting the pleas. Huff stated that he understood all 14 charges and the maximum penalties for each. He also acknowledged that each plea was voluntary, that he waived a jury trial and other rights associated with trial, that he had the right to appeal the sentence, and most importantly, that all of the charges were either felonies or special felonies, which have special penalties attached carrying possible prison time.
 {¶ 3} In addition to discussing prison time, the trial court informed Huff of the possibility of community control and the sanctions for any violations of post release control. Huff stated that he understood that the court could sentence him consecutively or concurrently or choose a combination of the two when it imposed sentences. Huff stated he understood the possible fines and restitution. When the trial court asked if he had any questions for the judge or his attorney, he responded, "no, sir." In addition, the court asked Huff: "Now that we've discussed all these things, do you still wish to enter your plea of guilty to the 14 counts." Huff answered that he did. After the court accepted Huff's pleas and entered findings of guilt, it ordered a pre-sentence investigation report.
 {¶ 4} At the sentencing hearing, Huff's counsel stated he reviewed the notice to offender form with Huff beforehand The notice to offender form contained the following language: "You are here before Judge Pollex for sentencing * * *. If the Judgedetermines at this hearing that a prison term in necessary or isrequired by law, he must not only impose the prison term but must notify you of the following: * * *." (Emphasis added.) After this, the language of the form reiterates the option of post release control and sanctions for any possible violations of post release control. It also explains that "if Judge Pollexdetermines that community control sanctions should be imposed upon you and a prison sentence is not imposed, there is recourse for any violation of the community control including the possibility of a prison sentence." (Emphasis added.) Finally, the form explains Huff's right to appeal.
 {¶ 5} After each of the notices, Huff initialed the document indicating that he understood. Huff told the trial court that he had discussed the paragraphs with his counsel. The court then stated, "this being a felony you face potential prison time. And if the Court imposes prison you could be placed on what is called post release control by the parole authority." The court continued to explain to Huff what his prison term would be if he was placed on community control but violated its terms.
 {¶ 6} The court then heard comments from the defense, the prosecution, and from Huff himself regarding sentencing. After all remarks were made, the trial court stated that it needed to look at certain factors to arrive at a sentence. One of the factors the court considered was Huff's prior prison term. In addition, the court noted Huff's extensive criminal history, his failure in the past to comply with probation and parole, and that his niece, the victim, suffered economic harm since she had to pay for the tires to be removed from her property, and her home, which Huff used for tire storage, was substantially damaged. The trial court then imposed a two year prison term on counts 1 through 8 and 11 through 14, and five years of community control sanctions on counts 9 and 10 which included restitution.
 {¶ 7} Huff's sole assignment of error states: "The sentence imposed by the trial court was inconsistent with the `Notice to Offender' form provided to Defendant at the time of sentencing. The `Notice of [sic] Offender' informed Appellant that he would be placed on community control, but the court at the sentencing hearing imposed a period of imprisonment of two years on Counts one through eight and eleven through fourteen of the Indictment."
 {¶ 8} Huff argues that if he had not been misled by the notice, he may have withdrawn his guilty plea or presented a more effective statement of mitigating factors during the sentencing hearing. We reject this argument and find the entry merely advised him of what he could expect upon being sentenced for his multiple offenses.
 {¶ 9} The Ohio Revised Code places requirements on the judge during a sentencing hearing. R.C. 2929.19(B)(1) requires that the trial court consider the record, the pre-sentence investigation report, any victim impact statements, and any information presented at the hearing before imposing a sentence. R.C.2929.19(B)(3) also explains what the trial court must do if a prison term is imposed. Included in those requirements are the notifications which were presented in Huff's "Notice to Offender" entry.
 {¶ 10} The Notice to Offender, after setting forth the multiple offenses of which Huff was convicted, states: "If the Judge determines at this hearing that a prison term is necessary or is required by law, he must not only impose the prison term, but must notify you of the following:
{¶ 11} "POST RELEASE CONTROL
 {¶ 12} "You are being sentenced for twelve special felonies and for two felonies of the fourth degree. The parole board may but is not required to subject you to a period of post release control pursuant to R.C. 2967.28.
{¶ 13} "VIOLATION OF POST RELEASE CONTROL SANCTIONS
 {¶ 14} "If you should violate the terms and conditions of your post release control sanctions, the Adult Parole Authority or the Parole Board may impose a more restrictive post release control sanction, may increase the duration of post release control sanctions, and may impose an additional prison term. The maximum cumulative prison term imposed may not exceed one-half of the stated prison term.
 {¶ 15} "I understand [TH].
{¶ 16} "IF VIOLATION IS A FELONY
 {¶ 17} "If you should violate your terms of post release control sanctions by committing a felony offense, you may be prosecuted for this felony, and in addition to any sentence imposed upon you for the new felony, the court may impose a prison term subject to a specified maximum for that violation.
 {¶ 18} "I understand [TH].
{¶ 19} "COMMUNITY CONTROL SANCTIONS
 {¶ 20} "If Judge Pollex determines that community control sanction should be imposed upon you and a prison sentence not imposed and if you should violate the community sanctions imposed upon you, if you commit a violation of any law, or if you leave the state without permission of the court or the probation department, the court may impose a longer term of community control under the same sanctions, may impose more restrictive sanctions or may ultimately impose a prison sentence and at sentencing must specify the prison term which might be imposed upon you. You are herein notified that the prison term which is not being imposed upon you at this time but might be imposed upon you should you violate the terms and conditions of community control is four years for each of counts 1 through 8, eighteenmonths for each of counts 9 and 10, and four years for each ofcounts 11 through 14. (Emphasis added.)
 {¶ 21} "I understand [TH]. * * *" {¶ 22} Huff argues that certain language, specifically, "You are herein notified that the prison term which is not being imposed upon you at this time," misled him to believe he was being sentenced to community control. This sentence, however, is contained within a paragraph that begins: "If Judge Pollex determines that community control sanction should be imposed upon you and a prison sentence notimposed * * *." (Emphasis added.) Huff received specific sentences for specific crimes; he received prison terms for Counts 1 through 8 and 11 through 14 and community control for Counts 9 and 10. The Notice to Offender, though perhaps inartfully drawn, covered all of the sentence possibilities and notified Huff beforehand
 {¶ 23} R.C. 2929.19 requires the trial court to hold a hearing before imposing a sentence. The statute specifies what must be considered at the hearing and what a trial court must do before sentencing the defendant. The Ohio Supreme Court has held that "at the sentencing hearing the court `shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed' * * *." State v. Comer,99 Ohio St.3d 463, 2003-Ohio-4165, at ¶ 20.
 {¶ 24} The transcript of the sentencing hearing shows that that judge carefully explained the potential sentences available for the multiple offenses. Huff conferred with his attorney regarding the Notice to Offender entry, signed his initials indicating that he understood the separate paragraphs, and acknowledged that a prison sentence was a possibility.
 {¶ 25} Based on an examination of the sentencing hearing as required by Comer, we find the trial judge did not promise or guarantee any particular sentence to Huff. The Notice to Offender informed him what he could expect if he were given either a prison term or community control as a sentence. He received both types of sentences. Huff presented mitigating statements himself and through his attorney and an Wood County investigator at his sentencing hearing. Thus, as the statutory requirements were met, we find the sole assignment of error not well-taken, and affirm the sentence of the Wood County Court of Common Pleas. Costs of this appeal are assessed to the appellant.
Judgment affirmed.
Knepper, J., Pietrykowski, J., Lanzinger, J., Concur.