JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Michelle Lupica, appeals the judgment of the Cleveland Municipal Court that ordered her pit bull dog to be destroyed after finding her guilty of failing to control the dog. For the reasons that follow, we vacate appellant's conviction and sentence for this offense and remand
 {¶ 2} The record reveals that appellant is the owner of a pit bull dog that attacked a mail carrier as he was delivering appellant's mail. Appellant was charged with failure to (1) insure the dog, in violation of Cleveland Codified Ordinance ("CCO") 604.04; (2) confine the dog, in violation of CCO 604.03(a); and (3) tattoo or microchip the dog for identification purposes, in violation of CCO 604.03(d).
 {¶ 3} The record indicates that appellant eventually pleaded no contest to two of these charges, but the journal entry and the transcript of the court's colloquy with appellant differ with respect as to which of these charges appellant entered her pleas. The entry journalized November 10, 2003 indicates that appellant pleaded no contest to CCO 604.04 (failure to insure) and CCO 604.03(a) (failure to confine), while CCO 604.03(d) (failure to tattoo/microchip) was dismissed.
 {¶ 4} The transcript of the hearing where appellant entered her pleas, however, indicates that appellant pleaded no contest to the failure-to-insure and failure-to-tattoo/microchip charges. It is apparent that the court and the attorneys involved were confusing the labeling of the offenses. In addressing the court, appellant's attorney stated:
 {¶ 5} "* * * I believe that the way the prosecution and I would like to proceed, is we would like to enter a no contest plea to the first two counts of Failure to Microchip and a Failure to [H]ave Insurance at the time of the event. * * *"
 {¶ 6} In actuality, the first two charges are the failure-to-insure and the failure-to-confine. Without identifying the charge, the city advised the court that it would "nolle the third charge" against appellant, which is the failure-to-microchip. The court thereafter advised appellant of her rights and the possible penalties, including the possible destruction of the dog. Although destruction of a vicious dog is authorized for a violation of failure-to-confine, it is not authorized for a violation of failure-to-insure or failure-to-tattoo/microchip.[1]
 {¶ 7} After accepting her pleas, the court stated:
 {¶ 8} "The Court's viewed the facts alleged in the complaint as well as the facts in the probable cause determination, noting on June 28th of this year, [appellant] owned a male brown pit bull that broke through the a door and attacked a mail carrier delivering the mail at 4126 Howlett Avenue. The dog had not had the required $100,000 insurance and the microchip or tattoo needed for a pitbull. The Court finds there is a factual basis, will enter findings of guilty to 39A and B."
 {¶ 9} The number "39" references the docket number of the entry journalized October 20, 2003 and the letters "A" and "B" correlate to the failure-to-insure and failure-to-confine charges, respectively. Thus, the court's reference to "39A and B" refer to the first two charges, failure-to-insure and failure-to-confine, despite the court's statements regarding appellant's violation of the failure-to-insure and failure-to-microchip ordinances immediately preceding its finding of guilt.
 {¶ 10} The court thereafter fined and sentenced appellant for the "A" and "B" charges, failure-to-insure and failure-to-confine. All jail time was suspended and the court placed appellant on probation for one year and ordered appellant to make restitution for the damages caused. The court further ordered that the dog "be forfeited" to the city and destroyed.
 {¶ 11} Appellant is now before this court and argues in her sole assignment of error that the trial court erred when it ordered forfeiture of the dog without complying with R.C.2933.43.
 {¶ 12} R.C. 2933.43 governs the procedure for seizure and forfeiture of contraband Appellant argues that "contraband," for purposes of this case, is "property that is forfeitable pursuant to * * * an ordinance * * *." See R.C. 2901.01(A)(13)(d). She argues that the applicable ordinance is CCO 604.99(b), which addresses the penalties for a violation of CCO 604.03(b).
 {¶ 13} CCO 604.03 governs the control of vicious and dangerous dogs. A pit bull is a "vicious dog." See CCO 604.01(k)(3). Failure to confine a vicious dog as required by CCO 604.03(a) subjects the owner to penalties for a first degree misdemeanor according to CCO 604.99(b). This section further provides:
 {¶ 14} "The Court may order the dog to be spayed or neutered at the owner's * * * expense. Additionally, the Court may order the vicious dog to be humanely destroyed by a licensed veterinarian, the County Dog Warden, or the County Humane Society."
 {¶ 15} Despite the court's use of the term "forfeit" in its order for destruction of the dog, the ordinance's authorization for a vicious dog to be "humanely destroyed" is not the equivalent of a forfeiture for purposes of satisfying the definition of "contraband" under R.C. 2901.01(A)(13). Appellant brings to our attention no statute, ordinance or caselaw that equates the destruction of a vicious animal under CCO 604.99(b) with the forfeiture of contraband, nor can we independently identify any such authority. We are, therefore, unpersuaded by appellant's argument that the humane destruction of a vicious dog is equivalent to a forfeiture of contraband requiring compliance with R.C. 2933.43. Appellant's sole assignment of error is not well taken and is overruled.
 {¶ 16} Notwithstanding our position above, we are troubled by the court's acceptance of appellant's no contest plea. Without referring to the ordinances by their number, appellant's attorney advised the court that his client would be pleading no contest to the charges for failure-to-insure and failure-to-microchip. It is true that the court recited the possible penalties associated with the failureto-confine charge, including the possible destruction of the dog. Indeed, the court referenced "charge 39B" when it addressed appellant. However, it is readily apparent to us that appellant thought she was pleading to the failure-to-microchip charge. The following colloquy occurred between the court and appellant:
 {¶ 17} "THE COURT: All right. Finally, in entering a no contest plea, that is not an admission of guilt, but it is an admission of the truth of the facts alleged in the complaint. And upon entering the plea, I'm going to review the facts and make a finding accordingly. Do you understand that?
 {¶ 18} "APPELLANT: Yes, sir.
 {¶ 19} "THE COURT: Do you still wish to plead no contest?
 {¶ 20} "APPELLANT: Yes, sir.
 {¶ 21} "THE COURT: How then do you wish to plead to the charge of 39A under the Failure to Maintain Insurance?
 {¶ 22} "APPELLANT: I plead No Contest.
 {¶ 23} "THE COURT: And how do you plead to the Vicious and Dangerous dog charge on 39B?
 {¶ 24} "APPELLANT: For microchip, is that what it is?
 {¶ 25} "THE POLICE OFFICER: Yes.
 {¶ 26} "APPELLANT: No Contest, because I didn't know about it."
 {¶ 27} It is unclear to this court why the trial court did not correct appellant's misunderstanding; nor do we understand why the court permitted an incorrect interjection by an unidentified police officer. The same can be said for the attorneys, both who were present. Notwithstanding their collective oversight, we cannot say that appellant entered a knowing, intelligent and voluntary plea based on the colloquy above.
 {¶ 28} A plea may be involuntary when the accused has such an incomplete understanding of the nature of the charge that the plea cannot stand as an intelligent admission of guilt. State v.Fitzpatrick, 102 Ohio St.3d 321, 2004-Ohio-3167, at ¶ 56, citingHenderson v. Morgan (1976), 426 U.S. 637, 645, 96 S.Ct. 2253,49 L.Ed.2d 108. In determining whether a defendant understood the charge, a court should examine the totality of the circumstances. Id.
 {¶ 29} Under the totality of the circumstances, we cannot say that appellant knew she was entering a no contest plea to the failure-to-confine charge. Appellant's attorney advised the court that his client would be entering a no contest plea to the failure-to-insure and failure-to-microchip charges. When confused by the court's reference to the "vicious and dangerous dog charge on 39B," appellant inquired whether that charge was the failure to microchip, which was incorrectly answered by an unidentified police officer. From our reading of the record, it is apparent that appellant was under the impression that she was entering a no contest plea to failure to microchip, not failure to confine a vicious dog.
 {¶ 30} Plain error is an obvious error or defect in the trial court proceeding that affects a substantial right. See, generally, State v. Long (1978), 53 Ohio St.2d 91, 94; see, also, Crim.R. 52(B). The error here is obvious and affected several of appellant's constitutional rights, including the right to a jury trial. Surely her confusion as to the charge to which she was pleading militates in favor of finding that appellant would not have entered a no contest plea to the failure-to-confine charge.
 {¶ 31} Appellant's conviction and sentence for violating CCO 604.03(a) is hereby vacated and remanded for further proceedings consistent with this opinion.
It is ordered that appellant recover from appellee costs herein.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate be sent to the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Blackmon, P.J., and, Sweeney, J., concur.
[1] CCO 604.99(c) governs the penalty for failure-to-insure and provides that "[a]ny owner who does not obtain the liability insurance coverage required in accordance with divisions (a) or (b) of Section 604.04 shall be found guilty of a misdemeanor of the first degree." CCO 604.99(d), which governs the penalty for failure-to-tattoo/microchip, provides that "[a]ny owner that is found to be in violation of division (d) of Section 604.03 shall be found guilty of a misdemeanor of the first degree." There is no provision under CCO Chapter 604 for a vicious dog to be "humanely destroyed" if the dog's owner fails to obtain insurance or fails to microchip/tattoo. Humane destruction of a vicious dog is only authorized for violations of CCO 604.03(a), (b) or (c). See CCO 604.99(b).