OPINION
{¶ 1} This timely appeal comes for consideration upon the record in the trial court and the parties' briefs. Defendant-Appellant, Ronald Byrd, appeals the decision of the Belmont County Court, Northern Division, that found him guilty of letting his dogs run loose and sentenced accordingly. Byrd raises four issues on appeal.
 {¶ 2} First, Byrd argues the trial court imposed an excessive fine upon him. The State concedes that the trial court erred. The trial court's sentence is modified to the maximum allowable fine.
 {¶ 3} Second, Byrd argues that his charging instrument was somehow defective since it only charged him with one count of dogs running loose when the evidence presented demonstrated that there were two dogs running loose. But the complaint properly charged Byrd with one count of letting a dog run loose and the investigatory information in the file clearly indicate, that the evidence would be about two dogs rather than one.
 {¶ 4} Third, Byrd argues the trial court erred by finding that his dogs are vicious dogs. The State concedes this argument as well since the dogs have not yet met the statutory definition of "vicious dogs". The error is harmless since the viciousness of the dogs is not an element of the offense and did not increase the sentence the trial court imposed. However, we modify the judgment to eliminate the determination that Byrd's dogs are vicious dogs.
 {¶ 5} Finally, Byrd argues the trial court could not order that he pay restitution since economic damage is not an element of the offense. But the statute allowing the trial court to order restitution does not limit the trial court's ability this way and courts have routinely ordered restitution in cases involving "victimless crimes."
 {¶ 6} For these reasons, the trial court's decision is affirmed in part and reversed and modified in part to reflect that Byrd must pay a $100.00 fine rather than a $150.00 fine and to eliminate the determination that Byrd's dogs are vicious dogs.
 Facts {¶ 7} On April 17, 2004, Byrd's two dogs escaped from his yard. While they were loose, they mauled a dog owned by Elmer Elekes, one of Byrd's neighbors. Elekes's dog was severely injured by the mauling. A complaint was filed against Byrd on June 10, 2004, charging him with one count of letting his dog run loose in violation of R.C. 955.22, an unclassified misdemeanor. The matter proceeded to a bench trial on June 30, 2004. The trial court found Byrd guilty, fined him $150.00, and determined that his dogs were vicious dogs. After a later hearing, the trial court also ordered that Byrd pay restitution to Elekes in the amount of $544.00.
 Excessive Fine {¶ 8} In his first of four assignments of error, Byrd argues:
 {¶ 9} "The fine imposed on the Defendant is excessive and outside the statutory guidelines."
 {¶ 10} Byrd contends the trial court imposed an excessive fine upon him. The trial court imposed a $150.00 fine on Byrd for a violation of R.C. 955.22(C). The penalties are set by R.C. 955.99(E)(1), which provides:
 {¶ 11} "Whoever violates section 955.21 or division (B) or (C) of section 955.22 of the Revised Code shall be fined not less than twenty-five dollars or more than one hundred dollars on a first offense, and on each subsequent offense shall be fined not less than seventy-five dollars or more than two hundred fifty dollars and may be imprisoned for not more than thirty days." Id.
 {¶ 12} The State concedes that this is Byrd's first conviction for a violation of R.C. 955.22(C). Thus, the trial court could not impose a fine of greater than $100.00. The trial court clearly erred by imposing a $150.00 fine. Byrd's first assignment of error is meritorious.
 Charging Instrument {¶ 13} In his second assignment of error, Byrd argues:
 {¶ 14} "The sentencing court erroneously determined that Defendant's dogs were vicious because the charging instrument was unclear as to how many of the Defendant's dogs were involved in the alleged Revised Code 955.22 violation."
 {¶ 15} Byrd contends that the complaint filed in this case was deficient since it charged him with one count of a violation of R.C.955.22(C) when the evidence produced at trial showed that two of his dogs were actually running loose. He believes that the complaint's failure to indicate that two dogs were loose means that an essential element of the charge was omitted. Thus, he contends his conviction must be vacated.
 {¶ 16} A complaint is the basic charging instrument in all criminal proceedings in this state. State v. Wood (1976), 48 Ohio App.2d 339,343. It is a written statement of the essential facts constituting the offense charged and may be made by either a police officer or a private citizen having knowledge of the facts. Crim.R. 3; R.C. 2935.09. A valid complaint must be filed in order to vest a court with subject matter jurisdiction. Newburgh Heights v. Hood, 8th Dist. No. 84001, 2004-Ohio-4236, ¶ 5. Because a valid complaint is a jurisdictional prerequisite, a defendant cannot waive the right to challenge a charging document that fails to state an essential element, even if the defendant pleads guilty to the charged offense. State v. Daniels, 3rd Dist. No. 12-03-12, 2004-Ohio-2063, ¶ 3; Crim.R. 12(C)(2).
 {¶ 17} Byrd was charged with violating R.C. 955.22(C) which provides:
 {¶ 18} "Except when a dog is lawfully engaged in hunting and accompanied by the owner, keeper, harborer, or handler of the dog, no owner, keeper, or harborer of any dog shall fail at any time to do either of the following:
 {¶ 19} "(1) Keep the dog physically confined or restrained upon the premises of the owner, keeper, or harborer by a leash, tether, adequate fence, supervision, or secure enclosure to prevent escape;
 {¶ 20} "(2) Keep the dog under the reasonable control of some person." R.C. 955.22(C).
 {¶ 21} The complaint states as follows: "Complaintant being duly sworn states that Ronald E. Byrd at Pease Township Belmont County, Ohio on or about 4-17-2004 Being [sic] the owner or keeper of a dog, did not keep such dog confined upon the premises of the owner or under reasonable control of some person, said dog not being lawfully engaged in hunting accompanied by an owner or handler.
 {¶ 22} This complaint clearly states all the essential facts of a violation of R.C. 955.22(C). It specifies that the dog at issue was not lawfully engaged in a hunting activity, that the dog was not confined on Byrd's premises, and that the dog was not under reasonable control. These are the essential elements of a violation of R.C. 955.22. Thus, Byrd's argument that the complaint was in some way deficient is meritless.
 {¶ 23} As for Byrd's argument that he did not know that the testimony would relate to two dogs, the police incident report along with the statements of two witnesses were also filed on the same day as the complaint. Each of those documents specified that two of Byrd's dogs were involved in the incident. Furthermore, Byrd failed to request a bill of particulars or request discovery. Thus, his argument concerning a lack of notice is also meritless.
 Vicious Dogs {¶ 24} In his third assignment of error, Byrd argues:
 {¶ 25} "The sentencing court improperly adjudicated the Defendant's dogs vicious in lieu of the fact that none of the Defendant's dogs met the statutory requirements of a vicious dog.
 {¶ 26} Byrd contends that R.C. 955.11(A)(4)(a) specifically defines "vicious dog" and that neither of his dogs fit that definition. In its judgment entry, the trial court determined that Byrd's dogs were vicious dogs. R.C. 955.11(A)(4), which defines vicious dogs for the purposes of R.C. 955.22, provides:
 {¶ 27} "`Vicious dog' means a dog that, without provocation and subject to division (A)(4)(b) of this section, meets any of the following:
 {¶ 28} "(i) Has killed or caused serious injury to any person;
 {¶ 29} "(ii) Has caused injury, other than killing or serious injury, to any person, or has killed another dog.
 {¶ 30} "(iii) Belongs to a breed that is commonly known as a pit bull dog. The ownership, keeping, or harboring of such a breed of dog shall be prima-facie evidence of the ownership, keeping, or harboring of a vicious dog." Id.
 {¶ 31} The State concedes that Byrd's dogs do not meet this definition, but argues the trial court's error was harmless. The trial court's determination that Byrd's dogs were vicious may be superfluous in this case, but it is not a stretch of the imagination to see that a prosecutor or judge may use that determination against him in the future. Byrd's third assignment of error is meritorious.
 Restitution {¶ 32} In his final assignment of error, Byrd argues:
 {¶ 33} "Defendant was improperly ordered to pay restitution."
 {¶ 34} Byrd contends the trial court erred when it ordered restitution since the crime he was convicted of committing has nothing to do with any person's economic loss. More specifically, Byrd is arguing that a trial court cannot order restitution for any crime unless the elements of that offense included some kind of property damage.
 {¶ 35} R.C. 2929.28(A)(1) allows a trial court to order "restitution by the offender to the victim of the offender's crime * * * in an amount based on the victim's economic loss" for a misdemeanor unless the misdemeanor offense is a minor misdemeanor or a traffic offense. A violation of R.C. 955.22(C) is not a minor misdemeanor since an offender may be imprisoned for thirty days for violating that section. See R.C.955.99(E)(1); R.C. 2901.02(F). And it is not a traffic offense. Thus, the trial court is allowed to impose restitution for this level of offense.
 {¶ 36} R.C. 2929.28(A) states that a trial court "may sentence the offender to any financial sanction or combination of financial sanctions authorized under this section." It then clarifies that the trial court has the "discretion" to impose one or more financial sanctions. Id. Thus, a sentence for a misdemeanor offense which imposes restitution is reviewed under the same standard as any other sentence for a misdemeanor; this court must review the trial court's decision for an abuse of discretion. State v. Ballard, 12th Dist. No. CA2001-07-176, 2002-Ohio-2314, ¶ 23. An abuse of discretion is more than a mere error of law or of judgment; it implies an attitude that is unreasonable, unconscionable or arbitrary. State v. Adams (1980), 62 Ohio St.2d 151, 156. As a general rule, an appellate court will not reverse a misdemeanor sentence imposed upon an offender if it is within the statutory limit and the trial court considered the statutory criteria. State v. Tutt (1988),44 Ohio App.3d 138, 139.
 {¶ 37} Byrd does not challenge either the fact that his dogs caused property damage while running loose or the amount of restitution the trial court ordered that he pay the other dog owner. Instead, he argues the trial court did not have the authority to order restitution since property damage is not an element of R.C. 955.22(C). His argument is meritless.
 {¶ 38} R.C. 2929.28(A)(1) allows a trial court to order "restitution by the offender to the victim of the offender's crime * * * in an amount based on the victim's economic loss." It does not limit the trial court's ability to order restitution to offenses containing some kind of property damage as an element of the offense. Rather, it allows restitution whenever a victim suffers an economic loss. R.C. 2929.01(M) defines "economic loss" as "any economic detriment suffered by a victim as a direct and proximate result of the commission of an offense and includes any loss of income due to lost time at work because of any injury caused to the victim, and any property loss, medical cost, or funeral expense incurred as a result of the commission of the offense."
 {¶ 39} These statutes provide that "restitution is limited to the economic loss caused by the defendant's illegal conduct for which he was convicted." State v. Hooks (2000), 135 Ohio App.3d 746, 749. But it does not appear to limit a trial court's ability to order restitution to offenses which are defined in part by an economic loss. Many courts, including this one, have affirmed a sentence which included a restitution award when the offense is aimed at preventing harm to "society as a whole," rather than to a particular victim. See State v. Hooks (2000),135 Ohio App.3d 746, (Tampering with public records); State v. Hunt,
5th Dist. No. 04-CA-00005, 2004-Ohio-5519 (Failure to stop after an accident); Cleveland v. Lupica, 8th Dist. No. 83912, 2004-Ohio-5221
(Failure to insure or confine a dog); State v. Huff, 6th Dist. No. WD-03-068, 2004-Ohio-2677 (Criminal environmental violations); State v.Monroe, 4th Dist. No. 02CA56, 2003-Ohio-3516 (Disrupting public services); State v. Kyser (Aug. 10, 2000), 7th Dist. No. 98 CA 144 (Failure to stop after an accident).
 {¶ 40} Clearly, the injury to the victim's dog in this case is a direct and proximate result of Byrd's violation of R.C. 955.22(C). The victim's dog would not have been injured by Byrd's dogs if his dogs had not been allowed to run loose. Byrd's arguments are unsupported by caselaw and run counter to the plain meaning of the statute. His fourth assignment of error is meritless.
 Conclusion {¶ 41} In conclusion, Byrd's second and fourth assignments of error are meritless. There was no defect in his charging instrument and the trial court had the authority to order restitution in this case. Byrd's first and third assignments of error are meritorious as the trial court erred when it imposed an excessive fine and determined that Byrd's dogs were vicious. Accordingly, the judgment of the trial court is affirmed in part and reversed and modified in part. The judgment of the trial court determining that Byrd's dogs were vicious is stricken and Byrd's fine is modified to $100.00.
Donofrio, P.J., concurs.
Waite, J., concurs.