{¶ 17} R.C. 2929.28(A) governs the trial court's authority to impose restitution on misdemeanor offenses and states, in pertinent part:
 * * * [T]he court imposing a sentence upon an offender for a misdemeanor, including a minor misdemeanor, may sentence the offender to any financial sanction or combination of financial sanctions authorized under this section. If the court in its discretion imposes one or more financial sanctions, the financial sanctions that may be imposed pursuant to this section include, but are not limited to, the following:
 (1) Unless the misdemeanor offense is a minor misdemeanor or could be disposed of by the traffic violations bureau serving the court under Traffic Rule 13, restitution by the offender to the victim of the offender's crime or any *Page 8 
survivor of the victim, in an amount based on the victim's economic loss. The court may not impose restitution as a sanction pursuant to this division if the offense is a minor misdemeanor or could be disposed of by the traffic violations bureau serving the court under Traffic Rule 13. If the court requires restitution, the court shall order that the restitution be made to the victim in open court or to the adult probation department that serves the jurisdiction or the clerk of the court on behalf of the victim.
 {¶ 18} R.C. 2929.28(A) explicitly states that, generally, the trial court may, "in its discretion," order a defendant to pay restitution on certain misdemeanor offenses. This language indicates that we review under an abuse of discretion standard the trial court's decision to impose restitution on a misdemeanor offense. See State ex rel. Burrowsv. Indus. Comm. (1997), 78 Ohio St.3d 78, 81, 1997-Ohio-310 (holding that we apply unambiguous statutes "according to the plain meaning of the words used"); see, also, State v. Hairston, 101 Ohio St.3d 308, 804
N.E.2d 471, 2004-Ohio-969, at ¶ 12 (noting that the legislature "should be held to mean what it has plainly expressed").
 {¶ 19} Moreover, case law establishes that an appellate court reviews under an abuse of discretion standard a trial court's sentence for a misdemeanor offense. City of Youngstown v. Glass, Mahoning App. No. 04 MA 155, 2005-Ohio-2785, at ¶ 4; State v. Ballard, Butler App. No. CA2001-07-176, 2002-Ohio-2314, at ¶ 24; City of Seven Hills v.Willits (Dec. 2, 1999), Cuyahoga App. No. 75444. Pursuant to R.C.2929.28(A), a restitution order is part of a misdemeanor defendant's sentence and, thus, by logical extension, appellate courts are to review a restitution order on a misdemeanor offense under the same abuse of discretion standard as appellate courts would apply to any other sentence for a misdemeanor offense. See State v. Byrd, Belmont App. No. 04 BE 40, 2005-Ohio-2720, at ¶ 36. *Page 9 
 {¶ 20} As to the trial court's restitution order here, appellant argues that R.C. 2929.28(A) precluded the trial court from ordering appellant to pay restitution to a vehicular accident victim on either of appellant's offenses for minor misdemeanor failure to maintain assured clear distance ahead or first-degree misdemeanor operating a motor vehicle without a license. The trial court did not order restitution on appellant's minor misdemeanor failure to maintain assured clear distance ahead offense, and, as appellant recognizes, R.C. 2929.28(A) precluded the trial court from doing so. Rather, the trial court ordered restitution on appellant's first-degree misdemeanor offense of operating a motor vehicle without a license.
 {¶ 21} Under R.C. 2929.28(A), the trial court had discretion to impose restitution on appellant's first-degree misdemeanor offense of operating a motor vehicle without a license "in an amount based on the victim's economic loss." R.C. 2929.01 (M) defines economic loss as "any economic detriment suffered by a victim as a direct and proximate result of the commission of an offense." Here, appellant does not contest the trial court's determination on the amount of economic detriment that the accident victim incurred. Rather, appellant contests the trial court's determination that the accident victim's economic detriment was a direct and proximate result of appellant's first-degree misdemeanor offense of operating a motor vehicle without a license.
 {¶ 22} The trial court stated:
 * * * [P]eople that do not have a license * * * don't know the rules of the road, which would include an appropriate stopping distance, what an appropriate stopping distance is, and maintaining an assured clear distance ahead, they don't know when they are supposed to yield the right of way. *Page 10 
 I think that is the big problem that I see, is that they have not gone through the proper training, and that's why one can infer that if one doesn't have a license, I can infer that they haven't gone through the proper training too, they haven't passed a road test, they haven't passed a written test that says that they know the rules of the road and that they probably don't know what an appropriate distance is to keep from a car in front of them to avoid an accident.
(March 2007 Tr. at 7-8.)
 {¶ 23} As I would apply the abuse of discretion standard to review the trial court's decision to impose restitution, I would necessarily apply the abuse of discretion standard to review specifically the trial court's determination that the accident victim sustained economic detriment as a direct and proximate result of appellant's first-degree misdemeanor offense of operating a motor vehicle without a license. In so concluding, I note that the trial court's proximate cause holding entailed factual determinations. See Strother v. Hutchinson (1981), 67 Ohio St.2d 282, 288 (recognizing that the issue of proximate cause contains factual determinations). And we apply an abuse of discretion standard to those determinations. See Rock v. Cabrai (1993),67 Ohio St.3d 108, 112 (applying an abuse of discretion standard of review to a trial court's factual determinations on child support issues). Abuse of discretion connotes more than an error of law or judgment; it implies that the trial court's attitude was unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 24} Applying these principles here, I conclude that the trial court did not abuse its discretion in finding that the accident victim sustained economic detriment as a direct and proximate result of appellant's offense of first-degree misdemeanor operating a motor vehicle without a license. Specifically, given that the accident occurred when *Page 11 
appellant, who was only 18 years old, had not yet obtained his temporary driver's permit, the trial court could properly make its proximate cause determination upon inferring that, when the accident occurred, appellant was driving without sufficient knowledge of either the "rules of the road" or "what an appropriate distance is to keep from a car in front of [him] to avoid an accident." (March 2007 Tr. at 7-8.) Thus, I ultimately conclude that the trial court did not abuse its discretion when it ordered appellant to pay restitution on his first-degree misdemeanor offense of operating a motor vehicle without a license.
 {¶ 25} Like the majority, I would overrule appellant's single assignment of error and affirm the trial court's restitution order. However, I would do so only by applying an abuse of discretion standard of review to the restitution order. *Page 1