OPINION
{¶ 1} Defendant-appellant Charles D. Hunt, Jr. appeals his sentence from the Knox County Court of Common Pleas on one count of failing to stop after an accident in violation of R.C.4549.02, a felony of the fifth degree. Plaintiff-appellee is the State of Ohio.
 {¶ 2} On June 3, 2003, defendant-appellant was driving an automobile when his vehicle collided with a horse-drawn buggy. One of the two people in the buggy, Anna Swartzentruber, suffered serious physical injuries.
 {¶ 3} On September 8, 2003, the Knox County Grand Jury returned an indictment against the defendant-appellant charging him with one count of failing to stop after an accident in violation of R.C. 4549.02, a felony of the fifth degree, because the accident resulted in serious physical harm to Ms. Swartzentruber.
 {¶ 4} On September 26, 2003, defendant-appellant was arraigned on the charge and pled not guilty in the Knox County Court of Common Pleas.
 {¶ 5} On November 24, 2003, defendant entered a plea of guilty of the charge. Sentencing was deferred and the trial court ordered a pre-sentence investigation report.
 {¶ 6} On January 16, 2004, the trial court conducted a sentencing hearing. Appellant was ordered to a community control sanction of three years, to pay the costs of the proceedings, a term of 90 days in the Knox County Jail, and was further ordered to pay restitution in the sum of $38,704.93 to the injured party. The journal entry of sentencing was filed on January 23, 2004.
 {¶ 7} It is from this sentence the appellant filed this appeal raising the following two assignments of error:
 {¶ 8} "I. The trial court exceeded its authority in imposing restitution upon defendant for failure to stop after an accident.
 {¶ 9} "II. The court below had no basis for imposing restitution"
 I. {¶ 10} In his first assignment of error, appellant argues that the trial court exceeded its authority by imposing restitution in his case. We disagree.
 {¶ 11} Appellant plead guilty to "Stopping after accident; exchange of identity and vehicle registration" in violation of R.C. 4549.02, a felony of the fifth degree. The charge is elevated from a misdemeanor to a felony in the following situation "[i]f the violation results in serious physical harm to a person, failure to stop after an accident is a felony of the fifth degree." R.C. 4549.02 (B).
 {¶ 12} A trial court imposing a sentence upon an offender for a felony may sentence the offender to a financial sanction, including restitution. R.C. 2929.18(A). Pursuant to R.C.2929.18(A) (1), a trial court may order a felony offender to pay restitution to the victim of the offender's crime, or any survivor of the victim, in an amount based on the victim's economic loss. Economic loss is "means any economic detriment suffered by a victim as a direct and proximate result of the commission of an offense and includes any loss of income due to lost time at work because of any injury caused to the victim, and any property loss, medical cost, or funeral expense incurred as a result of the commission of the offense. `Economic loss' does not include noneconomic loss or any punitive or exemplary damages." R.C. 2929.01(M). Therefore, restitution is a valid statutory sanction to compensate crime victims for crimes that pose the threat of personal injury or death. State v. Ward (1999),135 Ohio App.3d 76, 81.
 {¶ 13} As appellant was convicted of a felony offense involving serious physical harm to the victim, the trial court had the authority to order restitution per R.C. 2929.18.
 {¶ 14} Appellant's first assignment of error is overruled.
 II. {¶ 15} In his second assignment of error appellant maintains that the trial court erred by not conducting a hearing on the issue of restitution, and further that the record does not support the amount of restitution ordered by the court. We disagree.
 {¶ 16} An appellate court may not disturb an imposed sentence unless it finds by clear and convincing evidence that the sentence is not supported by the record or is contrary to law. R.C. 2953.08(G) (2). Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus. The applicable record to be examined by a reviewing court includes the following: (1) the pre-sentence investigative report; (2) the trial court record in the case in which the sentence was imposed; and (3) any oral or written statements made to or by the court at the sentencing hearing at which the sentenced was imposed. R.C. 2953.08(F) (1)-(4). The sentence imposed upon the offender should be consistent with the overriding purposes of felony sentencing: "to protect the public from future crime by the offender" and "to punish the offender." R.C. 2929.11(A).
 {¶ 17} If the evidence in the record is insufficient, courts have held that an evidentiary hearing on the amount of restitution may be necessary to satisfy due process. See, e.g.,State v. Wohlgemuth (1990), 66 Ohio App.3d 195, 200,583 N.E.2d 1076, 1079; State v. Poole (Apr. 14, 1994), Adams App. No. 563, unreported, 1994 WL 146829; State v. Eberling (Apr. 9, 1992), Cuyahoga App. Nos. 58559 and 58560, unreported. A hearing is not necessary; however, if there is evidence in the record to substantiate the loss. State v. Carrino (May 11, 1995), Cuyahoga App. No. 67696, unreported, citing State v. Montes
(1993), 92 Ohio App.3d 539, 636 N.E.2d 378. A court may also consider a presentence investigation report when ordering restitution. State v. Deal (Sept. 27, 1990), Cuyahoga App. No. 57458, unreported. The trial court does not need to conduct a hearing to ascertain the reasonableness of the restitution if there is enough evidence in the record to substantiate the relationship of the offender's criminal conduct with the amount of the victim's loss. State v. Swart (Oct. 23, 2000), 12th Dist. No. CA2000-02-006, State v. Brumback (1996),109 Ohio App.3d 65, 83, 671 N.E.2d 1064, 1075.
 {¶ 18} Appellant has not provided this court with a transcript of the plea hearing. Appellant has the responsibility of providing the reviewing court with a record of the facts, testimony, and evidentiary matters which are necessary to support the appellant's assignments of error. Wozniak v. Wozniak
(1993), 90 Ohio App.3d 400, 409, 629 N.E.2d 500, 506;Volodkevich v. Volodkevich (1989), 48 Ohio App.3d 313, 314,549 N.E.2d 1237, 1238-1239. This principle is recognized in App. R. 9(B), which provides, in part, that `* * * the appellant shall in writing order from the reporter a complete transcript or a transcript of such parts of the proceedings not already on file as he deems necessary for inclusion in the record. * * *. "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to the assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." Knapp v. Edwards Laboratories
(1980), 61 Ohio St.2d 197, 199, 400 N.E.2d 384, 385. If a partial record does not conclusively support the trial court's decision, it is presumed that the omitted portion provides the necessary support. Wozniak, 90 Ohio App.3d at 409, 629 N.E.2d at 506; Inre Adoption of Foster (1985), 22 Ohio App.3d 129, 131,489 N.E.2d 1070, 1072-1073.
 {¶ 19} Alternatively, we also note that we do not know the specific contents of the presentence investigation report or any of the victim impact statements as appellant did not make them a part of the record. In State v. Untied (Mar. 5, 1998), Muskingum App. No. CT97-0018, we addressed the issue of failure to include the pre-sentence investigation report and stated:
 {¶ 20} "Appellate review contemplates that the entire record be presented.
 {¶ 21} App.R. 9. When portions of the transcript necessary to resolve issues are not part of the record, we must presume regularity in the trial court proceedings and affirm. Knapp v.Edwards Laboratories (1980), 61 Ohio St.2d 197, 400 N.E.2d 384. The pre-sentence investigation report could have been submitted "under seal" for our review.
 {¶ 22} "Without the cited information and given the trial court (sic) findings on the record, we cannot say appellant's sentence was against the manifest weight of the evidence or `contrary to law." Id. at 7.
 {¶ 23} We reach the same conclusion, in the case sub judice, because appellant failed to include in the record the transcript of the plea hearing and the pre-sentence investigation report.
 {¶ 24} Alternatively, we note that R.C. 2929.18(A) (1) provides "[i]f the court decides to impose restitution, the court shall hold a hearing on restitution if the offender, victim, or survivor disputes the amount. All restitution payments shall be credited against any recovery of economic loss in a civil action brought by the victim or any survivor of the victim against the offender." Appellant neither objected to the restitution order at the time of sentencing, nor did he request a hearing in accordance with R.C. 2929.18(A) (1).
 {¶ 25} Thus we conclude that the trial court had sufficient evidence in the record to substantiate the amount of restitution ordered and appellant failed to make the plea hearing and presentence investigation report part of the record for our review.
 {¶ 26} Appellant's second assignment of error is overruled.
 {¶ 27} For the foregoing reasons, the judgment of the Court of Common Pleas, Knox County, Ohio, is hereby affirmed.
Gwin, P.J., Wise, J., and Boggins, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Knox County, Ohio, is hereby affirmed. Costs to appellant.