CITY OF COLUMBUS, Appellee,

v.

CARDWELL, Appellant.

[Cite as *Columbus v. Cardwell*, 176 Ohio App.3d 673, 2008-Ohio-1725.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 07AP–519.

Decided April 10, 2008.

Richard C. Pfeiffer Jr., City Attorney, Lara N. Baker, Chief Prosecutor, and Matthew A. Kanai, for appellee.

Yeura R. Venters, Public Defender, and Paul Skendelas, for appellant.

KLATT, Judge.

{¶ 1} Defendant-appellant, Christina A. Cardwell, appeals the sentence entered by the Franklin County Municipal Court following her convictions for failing to maintain an assured cleared distance ahead ("ACDA") and failing to stop after an accident ("hit-skip"). Because R.C. 2929.28(A) prohibited the trial court from imposing restitution for a minor misdemeanor and because the victim's economic loss was not a direct and proximate result of appellant's hit-skip offense, we reverse.

{¶ 2} On August 16, 2006, appellant was driving a car west on Livingston Avenue in Columbus, Ohio, when she struck the rear of another car driven by Deborah Fraime. Fraime's car was stopped in the left lane waiting to make a left turn onto Ninth Street. Immediately following the impact, appellant pulled around Fraime's car and turned left onto Ninth Street. Appellant stopped on Ninth Street and motioned for Fraime to pull behind her. Fraime immediately called the police. After getting permission from the police to move her car from the immediate scene of the accident, Fraime turned left onto Ninth Street and pulled up behind appellant's car. After Fraime stopped, appellant immediately drove away. However, Fraime got the license number of appellant's car. The accident caused some property damage to Fraime's car, but neither Fraime nor her passenger was injured.

{¶ 3} Two weeks later Fraime saw appellant's car parked in front of a house. Fraime called the police. The police impounded the car. Although the car was registered in the name of a third party, appellant admitted that she was the person driving the car at the time of the accident.

{¶ 4} On October 3, 2006, the Columbus Police filed traffic tickets in the Franklin County Municipal Court charging appellant with ACDA in violation of Columbus City Code Section 2133.03(A), a minor misdemeanor, and hit-skip in violation of Columbus City Code Section 2135.12(A), a first-degree misdemeanor.

{¶ 5} Appellant waived her right to a jury trial, and the case was tried to the court on May 1, 2007. The trial court found appellant guilty of both charges. The trial court imposed a fine of $125 and costs but suspended $50 of the fine for

one day of jail credit. In addition, the trial court imposed a 90–day jail sentence but suspended 89 days of the sentence and placed appellant on probation for two years. As a condition of probation, the trial court ordered appellant to pay Fraime restitution in the amount of $771.94. Lastly, the trial court imposed a class-five driver's-rights suspension.

{¶ 6} Appellant now appeals assigning the following error:

The trial court erred in ordering restitution on the charge of leaving the scene of an accident as the victim's loss was not a direct and proximate result of the commission of the offense, as required by R.C. 2929.28(A)(1).

{¶ 7} R.C. 2929.28(A) governs the trial court's authority to impose restitution as part of a criminal sanction for misdemeanor offenses and states:

In addition to imposing court costs pursuant to section 2947.23 of the Revised Code, the court imposing a sentence upon an offender for a misdemeanor, including a minor misdemeanor, may sentence the offender to any financial sanction or combination of financial sanctions authorized under this section. If the court in its discretion imposes one or more financial sanctions, the financial sanctions that may be imposed pursuant to this section include, but are not limited to, the following:

(1) Unless the misdemeanor offense is a minor misdemeanor or could be disposed of by the traffic violations bureau serving the court under Traffic Rule 13, restitution by the offender to the victim of the offender's crime or any survivor of the victim, in an amount based on the victim's economic loss. The court may not impose restitution as a sanction pursuant to this division if the offense is a minor misdemeanor or could be disposed of by the traffic violations bureau serving the court under Traffic Rule 13. If the court requires restitution, the court shall order that the restitution be made to the victim in open court or to the adult probation department that serves the jurisdiction or the clerk of the court on behalf of the victim.

If the court imposes restitution, the court shall determine the amount of restitution to be paid by the offender. If the court imposes restitution, the court may base the amount of restitution it orders on an amount recommended by the victim, the offender, a presentence investigation report, estimates or receipts indicating the cost of repairing or replacing property, and other information, provided that the amount the court orders as restitution shall not exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense. If the court decides to impose restitution, the court shall hold an evidentiary hearing on restitution if the offender, victim, or survivor disputes the amount of restitution. If the court holds an evidentiary hearing, at the hearing the victim or survivor has

the burden to prove by a preponderance of the evidence the amount of restitution sought from the offender.

All restitution payments shall be credited against any recovery of economic loss in a civil action brought by the victim or any survivor of the victim against the offender.

{¶ 8} Therefore, R.C. 2929.28(A) prohibits the trial court from imposing restitution as a sanction if the offense is a minor misdemeanor. Moreover, if the trial court imposes restitution for a misdemeanor offense, "restitution shall not exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense." R.C. 2929.28(A)(1).

{¶ 9} Here, the parties do not dispute that the trial court could not order restitution based upon appellant's conviction for ACDA because that offense is a minor misdemeanor. The issue before us is whether the trial court was authorized to impose restitution as a sanction based upon appellant's hit-skip conviction, a first-degree misdemeanor.

{¶ 10} Appellant contends in her sole assignment of error that the trial court could not impose restitution as a condition of probation because the economic loss suffered by Fraime was not "a direct and proximate result" of the hit-skip offense. Appellant argues that the trial court was not authorized to order restitution because her hit-skip conviction, which was based on conduct that occurred after the accident, could not have caused the victim's property damage as a matter of law. We agree.

{¶ 11} By enacting R.C. 2929.28(A), the state legislature limited a trial court's authority to impose restitution as part of a criminal sentence for misdemeanor convictions. The statute permits the trial court to order restitution for economic loss suffered by the victim for certain misdemeanor offenses, but the amount of restitution "shall not exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense." R.C. 2929.28(A)(1). In addition, "economic loss" is statutorily defined as "any economic detriment suffered by a victim as a direct and proximate result of the commission of the offense." R.C. 2929.01(M). Here, Fraime suffered no economic loss as a direct and proximate result of appellant's hit-skip conviction because the property damage to Fraime's vehicle occurred before the hit-skip violation. Therefore, the trial court could not order restitution as part of a criminal sanction. See Columbus v. Repine, Franklin App. No. 07AP–250, 2007-Ohio-5015, 2007 WL 2773839 (victim's economic loss was a direct and proximate result of a defendant's conviction for driving without an operator's license where the victim's economic loss occurred after the unlawful conduct).

{¶ 12} Plaintiff-appellee, city of Columbus, argues that Fraime's economic loss was a direct and proximate result of the hit-skip conviction because an accident or collision is a prerequisite for a hit-skip offense. Columbus City Code Section 2135.12. According to the city, because Fraime's economic loss was "a reasonably foreseeable indirect consequence" of the hit-skip offense, the trial court had authority to order restitution. We disagree.

{¶ 13} The city's argument is logically flawed. Just because there must be an accident or collision before a hit-skip violation can occur does not establish that the property damage resulted from the hit-skip violation. As appellant points out, the property damage from the collision existed regardless of whether the appellant subsequently left the scene of the accident. Therefore, the property damage could not have been a direct and proximate result of the hit-skip violation.

{¶ 14} The legal authorities cited by the city in support of its argument are distinguishable. In *State v. Hunt*, Knox App. No. 04–CA–000005, 2004-Ohio-5519, 2004 WL 2335804, the defendant collided with a horse-drawn buggy and caused serious injuries to one of the buggy's occupants. The defendant then fled the scene of the accident. The defendant entered a guilty plea to one count of leaving the scene of an accident. The trial court placed the defendant on community control and ordered him to pay restitution to the injured victim. Although the *Hunt* court affirmed the order of restitution, it did not address how the victim's economic loss was a direct and proximate result of the defendant's flight from the accident scene. Presumably, because the victim suffered serious personal injuries, the *Hunt* court believed that the defendant's flight from the accident scene could have exacerbated those injuries. No such exacerbation can result when the victim's loss is limited to property damage and the unlawful conduct occurred after the accident.

{¶ 15} Similarly, the city's reliance on *State v. Osborne*, Cuyahoga App. No. 88453, 2007-Ohio-3267, 2007 WL 1848946, is misplaced. *Osborne* did not involve a trial court's authority to order restitution pursuant to R.C. 2929.28(A). In *Osborne*, the trial court found the defendant guilty of aggravated vehicular homicide and leaving the scene of an accident. The defendant argued that the hit-skip charge could not be elevated to a felony pursuant to R.C. 4549.02(B) because the victim's death was not caused by the defendant's flight from the scene of the accident. The *Osborne* court disagreed noting that "often, the other person involved in the accident is the first, if not the only person, on the scene who is available to render aid to the victim." Id. at ¶ 23. Implicit in the *Osborne* court's reasoning is the likelihood that the defendant's conduct immediately following the accident contributed to the victim's death.

{¶ 16} Unlike *Osborne,* in the case at bar the appellant's flight from the accident scene could not have contributed to the victim's property damage.

{¶ 17} Lastly, the city relies upon *State v. Foster,* Butler App. No. CA2005–09–415, 2006-Ohio-4830, 2006 WL 2663940, and *Repine,* supra, in arguing that Fraime's property damage was a direct and proximate result of appellant's hit-skip conviction. We note, however, that both *Foster* and *Repine* involved situations in which the victims' economic loss occurred after the defendants' unlawful conduct. Neither case supports the city's argument that a trial court may order a defendant to pay restitution for economic loss that occurred before the unlawful conduct.

{¶ 18} We can certainly understand the equities underlying the trial court's imposition of restitution as a condition of appellant's community control. However, for the reasons we have articulated, the trial court lacked the authority to order restitution under these circumstances.

{¶ 19} For the foregoing reasons, we sustain appellant's sole assignment of error. We reverse the judgment of the Franklin County Municipal Court and remand the case to that court with instructions to remove the order of restitution as a condition of probation and to reenter judgment consistent with law in this decision.

Judgment reversed
and cause remanded with instructions.

TYACK and T. BRYANT, JJ., concur.

T. BRYANT, J., retired, of the Third Appellate District, sitting by assignment.