[Cite as *McDougall v. Smith*, 191 Ohio App.3d 101, 2010-Ohio-6069.]


IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
PAULDING COUNTY


McDOUGALL ET AL.,

     APPELLANTS,                                 CASE NO.  11-10-04

     v.

SMITH,                                        O P I N I O N

     APPELLEE.


Appeal from Paulding County Common Pleas Court
Trial Court No. CI-09-233

Judgment Affirmed

Date of Decision:   December 13, 2010


APPEARANCES:

     **John T. Murray** and **Frederick N. Hadley**, for appellants.

     **Robert B. Fitzgerald** and **Angela M. Elliott**, for appellee.

**WILLAMOWSKI, Presiding Judge.**

{¶ 1} Plaintiffs-appellants Matthew A. McDougall ("McDougall") and Benjamin Rager ("Rager") bring this appeal from the judgment of the Court of Common Pleas of Paulding County granting summary judgment to defendant-appellee, William C. Smith ("Smith"). For the reasons set forth below, the judgment is affirmed.

{¶ 2} On July 20, 2007, a vehicle operated by Smith struck a vehicle operated by Timothy Wells ("T. Wells"). Armelda Wells ("A. Wells"), Robert Wells ("R. Wells"), and David Brummett were passengers in the vehicle. Due to their injuries, two ambulances were dispatched. The first ambulance took T. Wells and Brummett to the hospital. The second ambulance was staffed by McDougall, Heidi McDougall ("Heidi"), Kelly Rager ("Kelly"), and driver Sammy Smith. This ambulance carried A. Wells and R. Wells. While the victims were being transported to the hospital, a second accident occurred involving the ambulance and a semitruck. The only survivor was McDougall.

{¶ 3} On July 16, 2009, McDougall and Rager filed a complaint in their individual capacities and as administrators of the estates of their wives, Heidi and Kelly. The complaint alleged that Smith's negligence in causing the first accident resulted in the injuries arising from the second accident. Smith filed his answer on September 14, 2009. An amended answer was filed on February 17, 2010. On

March 22, 2010, Smith filed a motion for summary judgment. McDougall and Rager filed their response to the motion on April 12, 2010. On May 4, 2010, the trial court granted the motion for summary judgment and dismissed the complaint. McDougall and Rager appeal from this judgment and raise the following assignments of error.

First Assignment of Error

> The trial court committed reversible error by holding, as a matter of law, that [Smith] did not proximately cause injury.

Second Assignment of Error

> The trial court committed reversible error by holding, as a matter of law, that [Smith] owed no duty under the common law rescue doctrine.

{¶ 4} When reviewing a motion for summary judgment, courts must proceed cautiously and award summary judgment only when appropriate. *Franks v. Lima News* (1996), 109 Ohio App.3d 408, 672 N.E.2d 245. "Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party." *State ex rel. Howard v. Ferreri* (1994), 70 Ohio St.3d

Case No. 11-10-04

587, 589, 639 N.E.2d 1189. When reviewing the judgment of the trial court, an appellate court reviews the case de novo. *Franks.*

{¶ 5} McDougall and Rager allege in the first assignment of error that the trial court erred in finding that Smith's actions in causing the first accident were not the proximate cause of their injuries. "Proximate cause" has been defined as a happening or event that as a natural or continuing sequence, produces an injury without which the injury would not have occurred. *Murphy v. Carrollton Mfg. Co.* (1991), 61 Ohio St.3d 585, 575 N.E.2d 828. There may be more than one contributing proximate cause of an injury. *Brinkmoeller v. Wilson* (1975), 41 Ohio St.2d 223, 325 N.E.2d 233.

> Whether an intervening act breaks the causal connection between negligence and injury depends upon whether that intervening cause was reasonably foreseeable by the one who was guilty of the negligence. * * * The causal connection of the first act of negligence is broken and superseded by the second, only if the intervening negligent act is both new and independent. The term "independent" means the absence of any connection or relationship of cause and effect between the original and subsequent act of negligence. The term "new" means that the second act of negligence could not reasonably have been foreseen. * * *.

(Emphasis omitted.) *R.H. Macy & Co., Inc. v. Otis Elevator Co.* (1990), 51 Ohio St.3d 108, 110-111, 554 N.E.2d 1313. "The test * * * is whether the original and successive acts may be joined together as a whole, linking each of the actors as to the liability, or whether there is a new and independent act or cause which

-4-

intervenes and thereby absolves the original negligent actor." *Cascone v. Herb Kay Co.* (1983), 6 Ohio St.3d 155, 160, 451 N.E.2d 815.

{¶ 6} Here, the question is whether the second accident was a reasonably foreseeable outcome of the first accident or whether it was a new and independent act. One is permitted to assume that others will follow the law and exercise ordinary care. *Hicks v. Prelipp*, 6th Dist. No. H-03-028, 2004-Ohio-3004, ¶ 10, quoting *Swoboda v. Brown* (1935), 129 Ohio St. 512, 196 N.E. 274. As a matter of law, one need not anticipate that another driver will violate the law and that a collision will occur. Id. Thus, such a collision is not foreseeable. Id. If the second collision is not a foreseeable consequence of the first accident, then the causal chain is broken and Smith is not liable for the injuries to McDougall and Rager. The first assignment of error is overruled.

{¶ 7} In the second assignment of error, McDougall and Rager allege that the trial court erred in finding that the rescue doctrine did not apply. Since this court has determined that Smith's actions in causing the first accident were not the proximate cause of the second action, there can be no finding of negligence. The trial court did not err in granting summary judgment on this basis, and any other determinations by the trial court are irrelevant. The second assignment of error concerning whether the rescue doctrine applies is moot and will not be addressed by this court.

{¶ 8}    The judgment of the Court of Common Pleas of Paulding County is affirmed.

Judgment affirmed.

ROGERS and PRESTON, JJ., concur.