[Cite as *State v. Yao*, 2014-Ohio-852.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## CHAMPAIGN   COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 2013-CA-29 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case 2013-TRD-01185 |
| v. | : | |
| | : | |
| DANNI YAO | : | (Criminal Appeal from Champaign |
| | : | County Municipal Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 7th day of March, 2014.

. . . . . . . . . . .

Champaign County Municipal Prosecutor's Office, Post Office Box 190, Urbana, Ohio 43078
    Attorney for Plaintiff-Appellee

BRIAN L. WILDERMUTH, Atty. Reg. #0066303, and LAUREN K. EPPERLY, Atty. Reg. #0082924, 50 Chestnut Street, Suite 230, Dayton, Ohio 45440
    Attorneys for Defendant-Appellant

. . . . . . . . . . . . .

HALL, J.,

{¶ 1}    Danni Yao appeals from the trial court's June 14, 2013 entry purportedly convicting her of   failure to yield at a stop sign.

{¶ 2}    Yao advances two assignments of error on appeal. First, she contends the trial court erred in ordering restitution for a minor-misdemeanor. Second, she claims the trial court erred in failing to set the amount of restitution at sentencing. For its part, the State has not filed

an appellate brief.

{¶ 3} The record reflects that Yao was charged with violating R.C. 4511.43(A) for failing to yield the right-of-way at a stop sign. Yao's car apparently struck and totaled a car driven by Reva Yates, who had the right of way. Yao pled no contest to the charge against her on June 14, 2013. (Doc. #7). The Champaign County Municipal Court's docket contains a purported judgment entry filed that same day. (*Id*.) It reflects the no-contest plea. A portion of the entry form entitled "Decision" includes various potential dispositions for the trial court to checkmark. (*Id*.). They include: "guilty," "not guilty," "bound over to grand jury," "bond forfeited," and "dismissed." No disposition was checkmarked in this case. Nothing on the form establishes that the trial court entered a verdict at all. Following the various blank dispositions is a notation of $35 for court costs and "restitution." (*Id*.).

{¶ 4} Following the June 14, 2013 "judgment entry" is a notice filed the same day ordering Yao to appear for a July 16, 2013 restitution hearing. (Doc. #8). The next filing is a letter apparently sent to Yao by the Champaign County prosecutor. It directs her to pay restitution of $8,693.94 *on or before* the scheduled hearing date. Accompanying the letter is correspondence from Reva Yates, the driver of the other car. In the letter, Yates claims damages of $8,693.94. These damages include a $500 insurance deductible, $47.49 for a rental car, and $8,146.45 for a new car.[1] Nothing in the record indicates whether the scheduled July 16, 2013 restitution hearing took place. The next entry of record is Yao's July 17, 2013 notice of appeal from the trial court's

---

[1] With regard to the new car, the letter indicates that a replacement vehicle cost $11,309.06 and that Yates received $3,162.61 as an insurance payoff for the totaled car, leaving an uncompensated expense of $8,146.45. We note that requiring Yao to pay $8,146.45 toward a new car would result in a substantial windfall to Yates, whose totaled car apparently was worth approximately $3,662.61 (the $3,162.61 insurance payoff plus the $500.00 deductible).

June 14, 2013 "judgment entry."

{¶ 5}     As set forth above, Yao contends the trial court erred in ordering restitution for a minor misdemeanor and in failing to set the amount of restitution at sentencing. We begin our analysis, however, by noting the absence of a final judgment entry below.

{¶ 6}     The trial court's June 14, 2013 "judgment entry" does not in fact enter a judgment. This is so because it contains no disposition. The "Plea" portion of the form notes the existence of a "no-contest" plea with a "stipulation of guilt."[2] The "Decision" portion of the entry, however, reflects no "verdict" by the trial court. None of the various dispositional options have been checkmarked. The "Decision" portion of the form was not completed at all, and there has been no finding of guilt. Absent a guilty plea or a finding of guilt, we are compelled to conclude that no final judgment exists. *See State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163. See also *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, holding that the "fact of conviction" is a necessary element to render a final judgment of conviction. *Id* at ¶ 11.

{¶ 7}     Although we must dismiss the appeal for lack of a final judgment, we note that a trial court lacks authority to order restitution as a sanction for a minor misdemeanor. In this regard, R.C. 2929.28(A)(1) provides: "The court may not impose restitution as a sanction pursuant to this division if the offense is a minor misdemeanor or could be disposed of by the traffic violations bureau serving the court under Traffic Rule 13." *See also Columbus v.*

---

[2] Arguably a plea of no contest with a "stipulation of guilt" could be contradictory. Traffic Rule 10(B)(2) expressly provides that a "plea of no contest is not an admission of the defendant's guilt, but is an admission of the truth of the facts alleged in the complaint[.]" We expect the notes reflect that the no-contest plea was entered with the additional understanding that the defendant would not raise any challenge whether the facts alleged in the complaint constituted the described offense.

*Cardwell*, 176 Ohio App.3d 673, 2008-Ohio-1725, 893 N.E.2d 526, ¶ 9 (10th Dist.2008) (recognizing that a trial court cannot order restitution for a minor misdemeanor assured-clear-distance violation); *State v. Miller*, 2d Dist. Greene No. 09-CA-74, 2012-Ohio-211, ¶ 15 (opining that "since Miller was charged with a minor misdemeanor, the court could not have ordered her to pay restitution"); *Beavercreek v. Ride*, 2d Dist. Greene No. 06CA0082, 2007-Ohio-6898, ¶ 46 (noting that restitution could not be imposed for the appellant's minor misdemeanor conviction).

**{¶ 8}** A failure-to-yield violation of R.C. 4511.43(A), the statute at issue in Yao's case, is a minor misdemeanor unless the defendant has had one or more motor-vehicle or traffic offenses within one year of the violation. *See* R.C. 4511.43(C). Here the trial court's purported "judgment entry" reflects that Yao's offense was a minor misdemeanor, meaning that restitution is not authorized. The record indicates that Yao entered a no contest plea to this charge as presented and it cannot now be changed or enhanced. Accordingly, if upon remand the trial court makes a finding of guilt for this offense, it cannot require restitution. In any event, Yao's appeal must be dismissed in the absence of a final judgment entry.

**{¶ 9}** Appeal dismissed.

. . . . . . . . . . . . .

DONOVAN and WELBAUM, JJ., concur.


Copies mailed to:

Champaign County Municipal Prosecutor's Office
Brian L. Wildermuth
Laruen K. Epperley
Champaign County Municipal Court