[Cite as *Columbus v. Wood*, 2016-Ohio-3081.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| City of Columbus, | : | |
| Plaintiff-Appellee, | : | No. 15AP-1105 |
| v. | : | (M.C. No. 15TRD-139252)<br>(M.C. No. 15TRD-149185) |
| Demetrius Wood, Jr., | : | |
| Defendant-Appellant. | : | (REGULAR CALENDAR) |

D E C I S I O N

Rendered on May 19, 2016

**On brief:** *Jason Darfus*, for appellant.

**On brief:** *Richard C. Pfeiffer, Jr.*, City Attorney, *Lara N. Baker*, City Prosecutor, and *Melanie R. Tobias*, for appellee. **Argued:** *Melanie R. Tobias*.

APPEAL from the Franklin County Municipal Court

BRUNNER, J.

{¶ 1} Defendant-appellant, Demetrius Wood, Jr., appeals a decision of the Franklin County Municipal Court, filed on November 17, 2015, in which he was ordered to pay $5,999.09 in restitution to a person with whom he collided while driving. Because the trial court did not first determine whether the damage occasioned to the other vehicle involved in the accident was the direct and proximate result of Wood's actions and ordered restitution beyond the permitted statutory authority, we reverse and remand for a new hearing on the issue of direct and proximate causation and on any resulting award of restitution against Wood.

I. FACTS AND PROCEDURAL HISTORY

{¶ 2} On May 26, 2015, at 5:34 p.m., a Columbus police officer cited Wood for leaving the scene of an accident, failing to drive within his lane, and for violating the terms

No. 15AP-1105

of a temporary driving permit. On August 11, 2015, Wood appeared pro se, pled "not guilty," and waived his right to a jury trial. (Aug. 11, 2015 Plea Form.)

{¶ 3} On September 29, 2015, Wood again appeared pro se, executed written waivers of his right to an attorney and to a jury trial, and pled guilty to leaving the scene of an accident in exchange for dismissal of the other two charges. During the course of the plea hearing, the trial court questioned Wood. Wood admitted that he did not have a driver's license, just a temporary permit, that he did not have a licensed driver in the car with him as required for temporary permit drivers, that he did not have insurance, and that he did leave the scene of the accident, a violation of Columbus Traffic Code 2135.12, a misdemeanor of the first degree. The trial court set the matter for a separate hearing for sentencing, citing restitution and the "need to determine what their measure of damages was." (Sept. 29, 2015 Tr., 5.)

{¶ 4} The trial court held that hearing on November 17, 2015. At the hearing, Wood, appearing this time with counsel, requested a continuance in which to prepare a motion to withdraw Wood's plea. Wood claimed he did not understand when he pled guilty that he would be subject to paying restitution. The trial court denied Wood's request on the basis that, even though Wood was unrepresented when he entered the plea, it believed that Wood had understood the proceedings at the time he pled guilty. At the November 17, 2015 hearing, the record reflects that the city apparently did present an estimate on damages to the trial court:

> The Court: Do you have a restitution amount on this?
>
> [Prosecution]: I do. If I may approach.
>
> The Court: Yes.
>
> [Prosecution]: I have an estimate here for $5,993.09.

(Nov. 17, 2015 Tr., 7.) No independent documentation of the estimate exists in the record beyond what is recorded in the verbiage of the transcript, and no source or itemization of the estimate appears in the record.

{¶ 5} The trial court sentenced Wood to 3 years of community control with 180 days in jail suspended on condition of successful completion of its terms, ordered a one-year suspension of Wood's driving privileges, imposed a $150.00 fine, and ordered restitution. During the hearing Wood admitted he was uninsured, did not have a license,

and, regardless of who was at fault for the collision, that the accident would not have occurred if he had not been behind the wheel in the first place.  In its written entry, filed on November 17, 2015, the trial court recited Wood's sentence as announced at that day's hearing, but it imposed a slightly different number for restitution, $5,999.09.

{¶ 6}   Wood now appeals.

## II. ASSIGNMENTS OF ERROR

{¶ 7}   Wood assigns two errors for review:

> (1)     The trial court erred in ordering restitution on the charge of leaving the scene of an accident, as the alleged victim's loss was not a direct and proximate result of the commission of the offense.
>
> (2)     The trial court erred in ordering more than five thousand dollars in restitution.

## III.  DISCUSSION

### A. First Assignment of Error–Whether the Trial Court Erred in Ordering Restitution Without First Determining Proximate Cause

{¶ 8}   Wood argues that the accident and damages found to have been sustained by the other car in the accident were not proximately caused by his leaving the scene of the accident, the offense to which he pled guilty.  The trial court did not determine that Wood's offense was the proximate cause of the accident before requiring him to pay restitution to the owner of the other vehicle that occasioned damage.  We have addressed this issue in the context of "hit-skip."

> Just because there must be an accident or collision before a hit-skip violation can occur, does not establish that the property damage resulted from the hit-skip violation. * * * [T]he property damage from the collision existed regardless of whether the appellant subsequently left the scene of the accident. Therefore, the property damage could not have been a direct and proximate result of the hit-skip violation.

*Columbus v. Cardwell*, 176 Ohio App.3d 673, 2008-Ohio-1725, ¶ 13 (10th Dist.). *Cardwell* concerns in part the text of R.C. 2929.28 which generally provides for when and how courts in Ohio are to impose restitution. *Cardwell* at ¶ 7.  R.C. 2929.28(A)(1) limits potential restitution to the damages that are a "direct and proximate result" of the

No. 15AP-1105

"commission of the offense."[1] The trial court was required to first determine whether restitution was appropriate, based on an analysis of whether property damage was a "direct and proximate result" of Wood's offense of leaving the scene of an accident.

{¶ 9} Columbus Traffic Code 2135.12 was amended after this court's decision in *Cardwell* and was in effect at the time Wood was charged with leaving the scene of an accident. Columbus Traffic Code 2135.12 incorporates in its terms R.C. 2929.28 concerning restitution but limits restitution to $5000:

> The offender shall provide the court with proof of financial responsibility as defined in Section 4509.01 of the Ohio Revised Code. If the offender fails to provide that proof of financial responsibility, then, in addition to any other penalties provided by law, the court may order restitution pursuant to Section 2929.28 of the Ohio Revised Code in an amount not exceeding five thousand ($5,000.00) dollars for any economic loss arising from an accident or collision *that was the direct and proximate result of the offender's operation of the vehicle before, during, or after committing the offense for which the offender is sentenced under this section.*

(Emphasis added.) Columbus Traffic Code 2135.12(b)(1).

{¶ 10} The trial court did not specifically determine that the damage from the accident was a direct and proximate result of Wood's operation of his vehicle before,

---

[1] R.C. 2929.28 provides guidance on how a court may impose restitution:

> [R]estitution by the offender to the victim of the offender's crime or any survivor of the victim, in an amount based on the victim's economic loss.

> If the court imposes restitution, the court shall determine the amount of restitution to be paid by the offender. If the court imposes restitution, the court may base the amount of restitution it orders on an amount recommended by the victim, the offender, a presentence investigation report, estimates or receipts indicating the cost of repairing or replacing property, and other information, provided that the amount the court orders as restitution shall not exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense. *If the court decides to impose restitution, the court shall hold an evidentiary hearing on restitution if the offender, victim, or survivor disputes the amount of restitution. If the court holds an evidentiary hearing, at the hearing the victim or survivor has the burden to prove by a preponderance of the evidence the amount of restitution sought from the offender.*

(Emphasis added.) R.C. 2929.28(A)(1).

during, or after his leaving the scene of the accident. While Wood did admit that, had he obeyed the law and not been driving without insurance and without a driver's license, the accident would not have occurred, this admission satisfied only a "but for" test of causation, that is, cause in fact. A defendant's conduct is a cause of the event or harm if the event or harm would not have occurred but for that conduct. *Ackison v. Anchor Packing Co.,* 120 Ohio St.3d 228, 2008-Ohio-5243, ¶ 48, citing *Anderson v. St. Francis-St. George Hosp., Inc.*, 77 Ohio St.3d 82, 84-85 (1996).

{¶ 11} However, "cause in fact" is not the same as proximate cause. The two types of causation are distinct. *Ackison*, ¶ 48, citing *Anderson* at 86; Prosser & Keeton, *Law of Torts*, 265-266, 272-273 (5th Ed. 1984). To establish proximate cause, foreseeability must be found. If the harm is the natural and probable consequence of an act, and it should have been foreseen in view of all the attending circumstances, the harm becomes the proximate result of the act. *Mussivand v. David*, 45 Ohio St.3d 314, 321 (1989); *see also, e.g., Strother v. Hutchinson*, 67 Ohio St.2d 282, 287 (1981). While the record reflects that the trial court held a hearing and accepted some form of evidence as to restitution, the trial court did not accept evidence or determine whether the accident and resulting damage was "the *direct and proximate result* of [Wood's] operation of the vehicle before, during, or after committing the offense." (Emphasis added.) Columbus Traffic Code 2135.12(b)(1). The City conceded error insofar as the trial court did not consider evidence or explicitly make necessary findings required to impose restitution according to the city ordinance. We agree. The simple fact that the accident would not have occurred if appellant had not been operating a vehicle does not establish that Wood's operation of the vehicle was the proximate cause of the economic loss arising from the accident.

{¶ 12} Thus, we sustain Wood's first assignment of error and remand with instructions that the trial court must consider whether the "accident or collision" for which it found damage "was the *direct and proximate result* of [Wood's] operation of the vehicle before, during, or after committing the [hit-skip] offense." (Emphasis added.) *Id.*

No. 15AP-1105

**B. Second Assignment of Error–Whether the Trial Court Erred in Imposing more than $5,000 in Restitution**

{¶ 13} Columbus Traffic Code 2135.12(b)(1) limits the awarding of restitution to a maximum of $5,000. The trial court had no authority to impose restitution beyond that amount.

{¶ 14} Accordingly, Wood's second assignment of error is also sustained.

## IV. CONCLUSION

{¶ 15} Because the trial court erred in not determining the proximate cause of the economic loss occasioned by Wood's operation of the vehicle before, during, or after his violation of Columbus Traffic Code 2135.12(b)(1) and in ordering restitution in excess of $5,000, we sustain each of Wood's two assignments of error.

{¶ 16} Accordingly, we reverse and remand the case to the Franklin County Municipal Court with instructions to hold a new hearing to determine whether the "accident or collision" for which the trial court found damage resulted "was the *direct and proximate result* of [Wood's] operation of the vehicle before, during, or after committing the [hit-skip] offense," and to require the trial court to limit any such finding of restitution against Wood under Columbus Traffic Code 2135.12(b)(1) to no more than $5000.

*Judgment reversed,*
*cause remanded with instructions.*

BROWN and KLATT, JJ., concur.

_____