**[Cite as *Sizemore v. Deemer*, 2021-Ohio-1934.]**

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## MARION COUNTY

**PAULA SIZEMORE, ADMINISTRATOR
OF THE ESTATE OF
CARL E. SIZEMORE, SR.**

                                **CASE NO. 9-21-02**

      **PLAINTIFF-APPELLANT,**

      **v.**

**SCOTT DEEMER, ET AL.,**                  **O P I N I O N**

      **DEFENDANTS-APPELLEES.**

---

**Appeal from Marion County Common Pleas Court
Trial Court No. 19 CV 227**

**Judgment Affirmed**

**Date of Decision:   June 7, 2021**

---

**APPEARANCES:**

    *Jeff Ratliff*  **for Appellant**

    *J. Alan Smith* **for Appellees**

**SHAW, J.**

{¶1} Plaintiff-appellant, Paula Sizemore, Administrator of the Estate of Carl E. Sizemore, Sr., brings this appeal from the December 16, 2020 judgment of the Marion County Common Pleas Court granting summary judgment to defendant-appellee, Auto-Owners Insurance Co. On appeal, the Administrator argues that the trial court erred by granting Auto-Owners' motion for summary judgment.

*Background*

{¶2} On March 23, 2017, at roughly 6:45 a.m., Carl Sizemore ("Sizemore") was traveling eastbound on Bellefontaine Avenue in Marion, Ohio, in a 2008 Pontiac G6. As he approached the intersection between Bellefontaine Avenue and Pearl Street, the vehicle began having mechanical issues. A nearby motorist noted that the lights on the vehicle were exceptionally dim and that the vehicle appeared to be having problems. Sizemore was observed by the nearby motorist pulling into the left-hand turn lane to turn onto Pearl Street. After traffic passed from the other direction, Sizemore got out of the vehicle and, with the driver's side door open, he pushed the vehicle through the left turn, directing the steering wheel with his arm inside the vehicle.

{¶3} Sizemore got the vehicle onto Pearl Street, which was approximately twenty-six feet wide and sloped downhill. As Sizemore pushed his vehicle onto Pearl Street, the vehicle picked up speed going downhill. The vehicle was still

angled to the left from the turn that had been made, so as it picked up speed it was moving toward a parked car on Pearl Street. The nearby motorist observed Sizemore try to stop his vehicle with his feet, but Sizemore was unsuccessful. Sizemore's vehicle crashed into the parked vehicle, pinning Sizemore between the two vehicles, specifically between his own door and his own vehicle.

{¶4} The nearby motorist immediately approached and got out of his car. He asked if Sizemore was alright and Sizemore just shook his head indicating "no." The motorist was unable to move the vehicle to help extricate Sizemore so he called 9-1-1. Various emergency services and law enforcement personnel responded to the scene. By the time an ambulance arrived, Sizemore had no pulse and he was not breathing. He died as a result of the injuries he sustained.

{¶5} The parked vehicle that was struck was owned by Scott Deemer, who lived a few houses down from where the vehicle was parked. Deemer parked the 2004 Ford Escort on Pearl Street approximately one day prior because his driveway was crowded with vehicles. Deemer indicated that people often parked in that spot on Pearl Street. Deemer did not have insurance on the vehicle.

{¶6} On March 22, 2019, the Administrator of Sizemore's estate ("Administrator"), filed a complaint against Scott Deemer and Auto-Owners Insurance Co. The Administrator alleged that Deemer's car was parked within 20 feet of a crosswalk at an intersection—roughly 14 feet away, specifically. The

Administrator asserted that Deemer's parking was in violation of Marion City Code 351.03(F). The Administrator claimed that Deemer's negligence in parking his vehicle resulted in Sizemore's death. Further, the Administrator argued that Sizemore's insurance company was responsible to pay for Deemer's purported negligence under the insurance policy's uninsured and/or underinsured motorist provision.

{¶7} On May 3, 2019, Deemer filed a notice of bankruptcy and request for stay of the proceedings. The case was stayed until after Deemer received a bankruptcy discharge on September 5, 2019. The discharge resolved any claims in this case against Deemer personally, so the only defendant that remained was Auto-Owners Insurance.

{¶8} As the case proceeded, numerous depositions were taken. Deemer was deposed, as was the motorist who observed the incident. The Ohio State Highway Patrolman that investigated the accident was deposed, as were multiple emergency services personnel who were at the scene following the incident. Paula Sizemore was also deposed, as was an expert hired by Paula.[1]

{¶9} On October 9, 2020, Auto-Owners Insurance filed a motion for summary judgment arguing that as a matter of law Deemer's alleged parking

---

[1] The expert was deposed several months later than the other witnesses. His report in this matter was dated after Auto-Owners Insurance filed its motion for summary judgment. The expert was thus not deposed until after Auto-Owners filed its motion for summary judgment in this matter.

violation, even if it was a violation, could not be the proximate cause of Sizemore's injuries. Auto-Owners cited as support this Court's decision in *Anderson v. Augenstein*, 3d Dist. Marion No. 9-86-28, 1988 WL 116328, wherein we held that providing a "condition" by which a plaintiff's injuries were made possible, such as illegally parking a vehicle, did not make it foreseeable that a motorist would collide with the vehicle as a result of the plaintiff's, or a third party's, actions.

{¶10} On November 9, 2020, the Administrator filed a response to the motion for summary judgment arguing that causation was a question for a jury. Further, the Administrator produced the report of an expert in accident reconstruction who claimed that "but-for" the presence of Deemer's illegally parked vehicle, Sizemore's death would not have occurred.

{¶11} On November 16, 2020, Auto-Owners Insurance filed a reply in support of its motion for summary judgment arguing that the expert report contained "self-serving conclusory statements" and that there was no scientific basis for the expert's opinion. More importantly, Auto-Owners reemphasized that merely furnishing a condition for something to occur did not create proximate cause.

{¶12} On November 30, 2020, a magistrate rendered a decision on the matter. The magistrate determined that even if Deemer's vehicle was illegally parked within 20 feet of a crosswalk in violation of Marion Code 351.03(F), it was not the proximate cause of Sizemore's injury. The magistrate reasoned:

**In this regard, Scott Deemer could not reasonably anticipate that another person's car would break down, that the person would push their car, lose control, and crash into his parked car. It is not foreseeable that someone would push and lose control of their car, crashing into their car. The parked car of Scott Deemer merely provided a condition by which the plaintiff's injuries were made possible. It was not the proximate cause of the injury.**

(Doc. No. 48).

{¶13} In addition, the magistrate found that the only person actively moving was Sizemore, and he was actually operating or maneuvering his vehicle without reasonable control in violation of R.C. 4511.202. The magistrate reasoned that Sizemore was the proximate cause of his own injuries. "Had he parked his vehicle on the side of the road, or had he not lost control of his vehicle, he would not have crashed into the other vehicle and died." (*Id.*)

{¶14} On December 14, 2020, the Administrator filed objections to the magistrate's decision. The Administrator argued that the magistrate failed to consider the evidence in the light most favorable to the non-moving party. Further, the Administrator argued that the expert opined that Sizemore was in control of the vehicle when he was pushing it, and that the parked car was the proximate cause of his injury. Thus the Administrator contended the matter should have been submitted to a jury.

{¶15} On December 16, 2020, the trial court filed an entry analyzing and overruling Sizemore's objections to the magistrate's decision. First, the trial court

determined that even if the evidence established that Sizemore was in "control" of his vehicle when he was pushing it, the outcome here would not change.[2] Second, the trial court determined that the Administrator's objection to the magistrate's reasoning with regard to proximate cause was unfounded. Further, the trial court found that this Court's decision in *Anderson*, *supra*, controlled the matter and compelled the outcome determined by the magistrate. Finally, the trial court adopted and incorporated the magistrate's reasoning into its own entry on the matter, granting summary judgment in favor of Auto-Owners Insurance. (Doc. 50). It is from this judgment that the Administrator appeals, asserting the following assignment of error for our review.

**Assignment of Error**

**The trial court erred in granting defendant-appellee's motion for summary judgment as there remained disputed issues of material fact and defendant-appellee was not entitled to judgment as a matter of law.**

{¶16} In the assignment of error, the Administrator contends that it had secured an expert opinion that "but-for" Deemer "illegally" parking his vehicle, Sizemore's death would not have occurred. The Administrator contends that this created an issue of fact that should have defeated summary judgment. Further, the

---

[2] The trial court also determined that "reasonable" minds could not reach the conclusion that Sizemore had control of his vehicle, even given the facts that had been presented. The trial court cited the Administrator's complaint wherein it was alleged that Sizemore was unsuccessful in stopping his vehicle or turning it away from the parked vehicle. Based on this, the trial court found that "it is clear that the Decedent/Plaintiff was not in control of the vehicle." (Doc. No. 50).

Administrator argues that the trial court failed to consider the evidence in the light most favorable to the Administrator.

Standard of Review

{¶17} We review a grant of summary judgment de novo—that is, we will consider the evidence as if for the first time—using the standard in Civ.R. 56. *Hudson v. Petrosurance, Inc.,* 127 Ohio St.3d 54, 2010-Ohio-4505, ¶ 29. A court may grant summary judgment only when no genuine issue of material fact remains to be litigated, the moving party is entitled to judgment as a matter of law, and, viewing the evidence in the light most favorable to the nonmoving party, reasonable minds can reach a conclusion only in favor of the moving party. *M.H. v. Cuyahoga Falls,* 134 Ohio St.3d 65, 2012-Ohio-5336, ¶ 12, citing *Temple v. Wean United, Inc.,* 50 Ohio St.2d 317, 327 (1977), citing Civ.R. 56(C).

Analysis

{¶18} The Administrator brought this action for negligence against Deemer and against Sizemore's insurance company. After Deemer was discharged through bankruptcy, the case remained pending against Sizemore's insurance company—Auto-Owners. In order to prevail on a negligence claim against Auto-Owners, the Administrator needed to show that the insurance company was liable for Deemer's uninsured or underinsured negligence. "In general, a cause of action for negligence requires proof of (1) a duty requiring the defendant to conform to a

certain standard of conduct, (2) breach of that duty, (3) a causal connection between the breach and injury, and (4) damages." *Cromer v. Children's Hosp. Med. Ctr. of Akron*, 142 Ohio St.3d 257, 2015-Ohio-229, ¶ 23, citing *Menifee v. Ohio Welding Prods., Inc.*, 15 Ohio St.3d 75, 77 (1984).

{¶19} The trial court resolved this case on the grounds that there were no genuine issues of material fact, and that Auto-Owners Insurance was entitled to judgment as a matter of law, because, even when viewing the evidence in the light most favorable to the Administrator, reasonable minds could only conclude that Deemer's purportedly illegally parked vehicle was not the proximate cause of Sizemore's injuries or his death.

{¶20} Contrary to the trial court's ruling, the Administrator argues that the report from its expert placed proximate causation in this matter directly in dispute. The report that the Administrator contends creates a genuine issue of material fact regarding proximate cause reads, in pertinent part, as follows.

> **Carl Sizemore was in control of the 2008 Pontiac prior to the collision with the 2000 Ford Escort based on the following evidence: Paramedic Rayan [sic] Redmon testified that the Pontiac was in park and would not move until someone placed it in neutral, at that point it was pushed back enough to remove Carl Sizemore from the pinned position. Mr. Marocco testified that Mr. Sizemore was trying to get back into the car (TR. 13). Mr. Marocco also stated that "they" police, EMS or fighter [sic] fighters broke the passenger window of the Pontiac in order to move the gear shift lever from park to neutral in order to move the car rearward to free Mr. Sizemore (TR. 18). However, with the above mentioned evidence and evaluation of the scene, it is my**

**opinion that it is impossible to conclude, to a reasonable degree of scientific certainty, that the death of Mr. Sizemore would have resulted had the** [sic] **Mr. Deemer's car not been illegally parked. In other words, "but for" the presence of Mr. Deemer's illegally parked car, it is impossible to conclude the death of Mr. Sizemore would have occurred."**

**I hold these opinions to a reasonable degree of scientific certainty based on my education, training and experience in accident investigation/reconstruction.**

(Doc. No. 44, Ex. 8).

**{¶21}** In his conclusion, the Administrator's expert opined that Sizemore's death would not have occurred "but-for" the presence of Deemer's vehicle. Based on this statement, the Administrator contends that the element of proximate cause was satisfied in this matter. However, the expert's opinion only satisfies causation "in fact" with its "but-for" statement. *Columbus v. Wood*, 10th Dist. Franklin No. 15AP-1105, 2016-Ohio-3081, ¶ 10-11. Importantly, "cause in fact" is not the same as proximate cause and does not fulfill the entirety of the negligence causation requirement. *Wood* at ¶ 11. Rather, "[t]he two types of causation are distinct." *Id*. citing *Ackison v. Anchor Packing Co.*, 120 Ohio St.3d 228, 2008-Ohio-5843, ¶ 48.

**{¶22}** "To establish proximate cause, foreseeability must be found." *Id*. If the harm is the natural and probable consequence of an act, and it should have been foreseen in view of all the attending circumstances, the harm becomes the proximate result of the act. *Mussivand v. David*, 45 Ohio St.3d 314, 321 (1989).

There may be more than one proximate cause to an injury. *McDougall v. Smith*, 3d Dist. Paulding No. 11-10-04, 191 Ohio App.3d 101, 2010-Ohio-6069, ¶ 5.

{¶23} It is important to emphasize that an intervening act can break the causal connection between negligence and injury. *Id*. "The test * * * is whether the original and successive acts may be joined together as a whole, linking each of the actors as to the liability, or whether there is a new and independent act or cause which intervenes and thereby absolves the original negligent actor." *Cascone v. Herb Kay Co.*, 6 Ohio St.3d 155, 160 (1983).

{¶24} In this case, the expert only opined regarding causation-in-fact, not legal or proximate cause. In addition, we have previously determined there to be no proximate cause established for the owner of an illegally parked vehicle under similar circumstances. *See Anderson v. Augenstein*, 3d Dist. Marion No. 9-86-28, 1988 WL 116328, *3.

{¶25} In *Anderson*, a plaintiff was operating a motorcycle near an intersection. Defendant drove his van from an alley directly into the path of plaintiff's motorcycle. In order to avoid a collision, plaintiff swerved and ran into a tractor-trailer truck owned by another defendant. The tractor-trailer was illegally parked at the time. Based on the facts and legal authority, we determined that

> **it was not foreseeable nor could it be reasonably anticipated that a truck parked on a residential street, in violation of a municipal ordinance, would cause a third party to enter onto the street**

> **without proper clearance and then force a motorist to swerve to avoid an accident and collide with the truck.**
>
> **In this situation, the parked truck merely provided a condition by which the plaintiff's injuries were made possible. Therefore, the defendant's parking of its truck along a residential street, in violation of a municipal ordinance, was not the proximate cause of the plaintiff's injuries and the trial court properly entered summary judgment for Smith Trucking Co., Inc.**

*Anderson* at * 3.

{¶26} In this case, the trial court found that *Anderson* controlled the matter and that *Anderson* establishes that proximate cause cannot be present here. In fact, the trial court found that the lack of proximate cause attributable to the owner of the parked vehicle in *this* case was actually more significant than in *Anderson* because Sizemore was violating the law *himself* by operating his vehicle without reasonable control in violation of R.C. 4511.202, leading to the only reasonable conclusion that Sizemore's independent and intervening acts were the cause of his (tragic) death. As a result, we find that reasonable minds could not conclude that any parking violation by Deemer, even assuming that such occurred,[3] was the proximate cause of Sizemore's death, particularly given Sizemore's own actions.

---

[3] Although not relevant to the disposition of this case, there were some questions regarding the degree to which Deemer was even in violation of a local ordinance or a statute. The "crosswalk" lines were almost completely gone and all witnesses that remarked upon the crosswalk lines testified that they were difficult to see to the extent they were present at all. Moreover, the front of Deemer's vehicle was over twenty feet from the crosswalk. Furthermore, Deemer was not cited by any entities for how he parked and he was not told to move his vehicle when he was notified of the collision.

{¶27} After reviewing the record and the applicable legal authority, we agree with the trial court that the Administrator has failed to raise a genuine issue of material fact with regard to causation in this matter. Therefore, the Administrator's assignment of error is overruled.

Conclusion

{¶28} For the foregoing reasons the assignment of error is overruled and the judgment of the Marion County Common Pleas Court is affirmed.

***Judgment Affirmed***

**WILLAMOWSKI, P.J. and ZIMMERMAN, J., concur.**

**/jlr**