OPINION
{¶ 1} Appellant, Christopher Repine, is appealing from the judgment of the Franklin County Municipal Court. He assigns a single error for our consideration:
 The trial court erred in ordering restitution on the charge of driving without a valid operator's license as the victim's loss was not a direct and proximate result of the commission of the offense, as required by R.C. 2929.28(A)(1).
 {¶ 2} On January 26, 2007, appellant entered pleas of "no contest" to charges of failing to maintain an assured clear distance ahead ("ACDA"), in violation of Columbus *Page 2 
City Code ("C.C.") Section 2133.03(A), and driving without an operator's license ("no ops"), in violation of C.C. Section 2141.12(A)(1). The trial court entered findings of guilty as to both charges. The trial court ordered appellant to pay court costs on the ACDA charge. The trial court sentenced appellant to 30 days of incarceration on the no ops charge, but suspended it for one year of probation/community control. The trial court included as a condition of probation that appellant pay $788 to Ann Nesbitt, whose car was damaged by the collision with appellant.
 {¶ 3} In the trial court and now on appeal, counsel for appellant has argued that appellant cannot be ordered to pay restitution to Ms. Nesbitt. The argument comes in two parts. Part one is that, because ACDA is a minor misdemeanor, restitution orders are barred by R.C.2929.28(A)(1), which reads:
 In addition to imposing court costs pursuant to section 2947.23 of the Revised Code, the court imposing a sentence upon an offender for a misdemeanor, including a minor misdemeanor, may sentence the offender to any financial sanction or combination of financial sanctions authorized under this section. If the court in its discretion imposes one or more financial sanctions, the financial sanctions that may be imposed pursuant to this section include, but are not limited to, the following:
 (1) Unless the misdemeanor offense is a minor misdemeanor or could be disposed of by the traffic violations bureau serving the court under Traffic Rule 13, restitution by the offender to the victim of the offender's crime or any survivor of the victim, in an amount based on the victim's economic loss. The court may not impose restitution as a sanction pursuant to this division if the offense is a minor misdemeanor or could be disposed of by the traffic violations bureau serving the court under Traffic Rule 13. If the court requires restitution, the court shall order that the restitution be made to the victim in open court or to the adult probation department that serves the jurisdiction or the clerk of the court on behalf of the victim. *Page 3 
 If the court imposes restitution, the court shall determine the amount of restitution to be paid by the offender. If the court imposes restitution, the court may base the amount of restitution it orders on an amount recommended by the victim, the offender, a presentence investigation report, estimates or receipts indicating the cost of repairing or replacing property, and other information, provided that the amount the court orders as restitution shall not exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense. If the court decides to impose restitution, the court shall hold an evidentiary hearing on restitution if the offender, victim, or survivor disputes the amount of restitution. If the court holds an evidentiary hearing, at the hearing the victim or survivor has the burden to prove by a preponderance of the evidence the amount of restitution sought from the offender.
 All restitution payments shall be credited against any recovery of economic loss in a civil action brought by the victim or any survivor of the victim against the offender.
 If the court imposes restitution, the court may order that the offender pay a surcharge, of not more than five per cent of the amount of the restitution otherwise ordered, to the entity responsible for collecting and processing restitution payments.
 The victim or survivor may request that the prosecutor in the case file a motion, or the offender may file a motion, for modification of the payment terms of any restitution ordered. If the court grants the motion, it may modify the payment terms as it determines appropriate.
 {¶ 4} The City of Columbus does not seriously contest the issue of whether restitution can be ordered as the result of a violation of a minor misdemeanor ordinance such as ACDA.
 {¶ 5} The second part of the argument asserts that appellant cannot be ordered to pay restitution as a result of his being convicted of no ops because the fact he did not have a valid operator's license did not cause the traffic accident and therefore did not *Page 4 
cause the damage for which restitution has been ordered. The City of Columbus has responded that, under the facts of this case, restitution could be ordered because appellant never took the training required to obtain an operator's license in Ohio and therefore was more likely to be involved in a motor vehicle collision. These opposing arguments frame the issue for resolution by this court.
 {¶ 6} In general, trial court judges should have great leeway in fashioning remedies which are suited to the offender and the offense. Certainly where, as here, the offender has caused economic injury as a result of the offender's illegal conduct, the trial court, as a general rule, should have the power, unless barred by action of the legislature, to make the victims whole. The legislature has in fact barred an order of restitution for violations of minor misdemeanor ordinances, such as ACDA. Thus, the trial court could not order restitution for the offense which was the most direct cause of the economic harm.
 {¶ 7} The legislature has also required "restitution shall not exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense." The standard isa direct and proximate cause of the loss, not the direct and proximate cause. More than one proximate cause can exist.
 {¶ 8} In related matters, the legislature has mandated that people who drive motor vehicles carry insurance. Apparently, appellant did not, or could not, because he had no operator's license. The legislature has also increased the penalties for operators who drive while their driving privileges are suspended. Appellant's driving privileges have been or will be suspended by the Ohio Bureau of Motor Vehicles because he had no insurance and could not verify financial responsibility before the trial court. *Page 5 
 {¶ 9} The question of whether a restitution order can be made in this case boils down to the question of whether the collision could have been avoided had appellant taken the driver's education course required in Ohio; driven with supervision for the time period required in Ohio; and demonstrated the proficiency with a motor vehicle required to pass the driver's test administered in Ohio. This question is a factual question which was answered by the trial court. The trial court determined that the collision was a direct and proximate result of the failure of appellant to adequately prepare himself to be a licensed driver and to demonstrate his preparation to the appropriate testing authorities. As a factual question/determination by a trial court, we must give it great deference. How much deference we should give the trial court's determination has been the subject of some vagueness based upon differing appellate opinions. Thus, differing standards for the deference to be provided the trial court's determination have been set forth in varying appellate opinions. One standard is a sufficiency of the evidence standard as applied in criminal cases generally. Another standard is a manifest weight of the evidence standard as applied in civil cases generally. A judgment would thus be affirmed if supported by competent, credible evidence. The third standard is a pure abuse of discretion standard.
 {¶ 10} At oral argument, the parties seemed to agree that a criminal law sufficiency of the evidence standard should be applied. Sufficiency of the evidence is the legal standard applied to determine whether the case should have gone to the jury. State v. Thompkins (1997),78 Ohio St.3d 380, 386. In other words, sufficiency tests the adequacy of the evidence and asks whether the evidence introduced at trial is legally sufficient as a matter of law to support a verdict. Id. *Page 6 
 The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus, following Jackson v. Virginia (1979), 443 U.S. 307, 99 S.Ct. 2781. The verdict will not be disturbed unless the appellate court finds that reasonable minds could not reach the conclusion reached by the trier of fact. Jenks, at 273.
 {¶ 11} A manifest weight of the evidence standard such as is used in civil cases has been endorsed recently by the Supreme Court of Ohio inState v. Wilson, 113 Ohio St.3d 382, 2007-Ohio-2202. In theWilson case, the Supreme Court of Ohio found sexual predator determinations to be made in civil proceedings and therefore subject to a civil manifest weight analysis. The trial court's judgment with respect to a finding that a person is a sexual predator will not be overturned if supported by competent, credible evidence. Id. at syllabus.
 {¶ 12} The third standard is a pure abuse of discretion standard. An abuse of discretion means that the trial court's decision was unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219.
 {¶ 13} We find that the trial court's factual determination is supported by competent, credible evidence. Appellant's failure to prepare himself for becoming a licensed driver and refusal to submit himself to the appropriate licensing authority could well have been a cause of the collision. Proper training would have helped him understand speed requirements, stopping distances and defensive driving, any one of which would have prevented this collision. We find the trial court did not abuse its discretion in assessing restitution under theBlakemore standard. The trial court's judgment was not the least bit arbitrary or unreasonable. *Page 7 
 {¶ 14} We also find that sufficient evidence, as normally defined in criminal cases, was presented to support the trial court's decision to assess restitution. Therefore, regardless of which standard of review we apply, we find no error in the trial court's determination that appellant's lack of training was a direct and proximate cause of the collision.
 {¶ 15} Since we find that the trial court was able to find that appellant's lack of training was a direct and proximate cause of the collision, we must find that the restitution order was legal.
 {¶ 16} We overrule the only assignment of error. We affirm the judgment and sentence of the Franklin County Municipal Court.
Judgment affirmed.
 KLATT, J., concurs. FRENCH, J., concurs separately.