OPINION
{¶ 1} Defendant-appellant, Daniel J. Sheehan, appeals from his conviction and sentence in the Hamilton Municipal Court for one count of assault. For the reasons outlined below, we affirm in part, and reverse in part, and remand.
 {¶ 2} On July 12, 2006, appellant entered a no contest plea to one count of assault, a first degree misdemeanor in violation of R.C. 2903.13(A). The charge stemmed from an incident on March 9, 2006 in which appellant was engaged in a fight at a restaurant in *Page 2 
Hamilton, Ohio. The victim, Joseph Cook, attempted to break up the altercation and became injured when he was hit with a glass, which resulted in a cut above his eye, and torn muscles in his shoulder, which required surgery. At appellant's plea hearing, appellant's attorney acknowledged that a bar fight had occurred and that one victim had injured his shoulder, "and may have to have surgery." Appellant's attorney continued, "We would allege [the injury] comes from swinging his fist at my client * * *." The trial court accepted appellant's plea, entered a finding of guilt, and sentenced appellant to sixty days in jail, a $100 fine, and restitution. The court then suspended the sentence pending restitution.
 {¶ 3} During an October 3, 2006 restitution hearing, the court heard testimony from appellant and the victim, as well as the victim's surgeon and physical therapist. The victim testified that he intervened to break up an altercation between appellant and another gentleman, and that during the ensuing scuffle, he was hit with a beer glass and fell to the ground. The victim admitted that he had thrown "a couple of punches" in trying to break up the fight. He testified that he could not be sure when his shoulder was injured.
 {¶ 4} The victim identified a number of receipts for his out-of-pocket expenses relating to his doctor visits, his surgery, his prescriptions, and his continuing physical therapy. The victim further testified that his medical insurance was currently declining to pay approximately $4,252.49 in physical therapy costs, but that the claim was under appeal.
 {¶ 5} The victim's surgeon testified that the type of injury that the victim sustained to his shoulder was severe. The surgeon testified that a tear to a rotator cuff can be the result of either a "resistant punch" or a forceful grabbing and pulling of the arm. The victim's physical therapist testified that "a complete rotator [cuff] tear would take a significant amount of trauma." The therapist continued, explaining, "Usually a fall you don't necessarily see that from, um — you know usually a fall is what happens. Sometimes a fall you can land on (inaudible) stretched arm or land on the floor." *Page 3 
 {¶ 6} After hearing all of the testimony and the arguments from counsel, the trial court held that "the testimony about the glass did convince me that, uh — that caused [the victim] to fall and that's probably what caused the rotator [cuff] to tear." The trial court then ordered appellant to pay restitution for the victim's out-of-pocket expenses, which the court totaled to be $1,039.40. The court also noted that appellant would be responsible for any future out-of-pocket expenses the victim incurred as a result of his continuing physical therapy. The court explained that the $4,252.49 had not yet been paid and was currently under appeal with the victim's insurance carrier, but ordered appellant to pay whatever out-of-pocket amount was not eventually covered by the victim's insurance. The court's order specifically stated that appellant owed a total restitution amount of $1,039.60 as well as "[f]urther out of pocket restitution to be determined."
 {¶ 7} Appellant appeals from that restitution order, raising four assignments of error for our review.[1]
 {¶ 8} Assignment of Error No. 1:
 {¶ 9} "THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT WHEN IT ORDERED ALL OF THE VICTIM'S OUT-OF-POCKET EXPENSES TO BE REIMBURSED BY THE DEFENDANT."
 {¶ 10} In his first assignment of error, appellant argues that the trial court erred in ordering restitution for the victim's medical expenses where there was insufficient evidence to demonstrate that the injury to the victim's shoulder was a "direct and proximate" result of appellant's actions in the fight that occurred on March 9, 2006. Appellant asserts that there was no evidence produced at trial which definitively established that he was the one who injured the victim's shoulder during the fight. *Page 4 
 {¶ 11} Appellant correctly asserts that court-ordered restitution "shall not exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense." R.C. 2929.28. However, "the standard is a direct and proximate cause of the loss, not the direct and proximate cause. More than one proximate cause may exist." Columbus v. Repine, Franklin App. No. 07 AP-250,2007-Ohio-5015, ¶ 7 (emphasis in original). In Repine, the appellant entered no contest pleas to one count of failure to maintain an assured clear distance and one count of driving without an operator's license. The charges were the result of a collision in which the victim's car was damaged, and the trial court ordered restitution based on Repine's plea to the charge of driving without an operator's license.[2] Repine appealed, arguing that his failure to obtain an operator's license was not the direct and proximate cause of the collision which caused damage to the victim's vehicle. The appellate court disagreed.
 {¶ 12} The Repine court explained, "[t]he question of whether a restitution order can be made in this case boils down to the question of whether the collision could have been avoided had appellant taken the driver's education course required in Ohio; driven with supervision for the time period required in Ohio; and demonstrated the proficiency with a motor vehicle required to pass the driver's test administered in Ohio." Id. at ¶ 9. The trial court had determined that the defendant's failure to obtain an operator's license, and the training required for it, was, in fact, a direct and proximate cause of the collision. Finding this to be a factual determination, supported by the record, the appellate court upheld the restitution order. Id. at ¶ 13-15; see alsoState v. Byrd, Belmont App. No. 04 BE 40, 2005-Ohio-2720, ¶ 40
(upholding restitution order on conviction for failure to secure dogs where victim's dog *Page 5 
would not have been injured but for appellant's failure to secure his own dogs).
 {¶ 13} As in Repine and Byrd, the question of restitution in this case boils down to a question of whether the victim would have been injured had it not been for appellant's actions in the assault. Contrary to appellant's argument, we need not determine which action alone caused the injury to the victim's shoulder. It is clear that, but for appellant's actions in committing the crime of assault, the victim would never have become engaged in attempting to quell the fight which resulted in his injured shoulder.
 {¶ 14} Further, appellant pled no contest to the crime of assault, and acknowledged, at his plea hearing, that the victim sustained an injury to his shoulder. The trial court properly ordered restitution for the victim's medical expenses and appellant's first assignment of error is overruled.
 {¶ 15} Assignment of Error No. 2:
 {¶ 16} "THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT WHEN IT LEFT OPEN THE AMOUNT OF RESTITUTION THAT APPELLANT WOULD NEED TO PAY."
 {¶ 17} In his second assignment of error, appellant argues that the trial court failed to establish a clear and precise order of restitution and that the open-ended order covering the victim's future out-of-pocket expenses violates due process. When issuing the restitution order, the court noted that approximately $4,252.49 in physical therapy expenses was currently under appeal with the victim's insurance carrier. The court stated that it did not wish to order the full amount prior to the resolution of the appeal with the victim's insurance carrier, but wanted appellant to be responsible for any out-of-pocket expenses paid by the victim. The court's order, however, stated only that it was to include "further out of pocket restitution to be determined."
 {¶ 18} Appellant directs this court to the language of R.C. 2929.28(A)(1), the statute *Page 6 
granting the trial court the authority to issue financial sanctions for misdemeanor offenses, which states that "[i]f the court imposes restitution, the court shall determine the amount of restitution to be paid by the offender." Further, that section provides that "the victim or survivor has the burden to prove by a preponderance of the evidence the amount of restitution sought from the offender." Id.
 {¶ 19} Appellant is also correct that a trial court may not delegate the determination of the amount of restitution. State v. Wilson, Hamilton App. No. C-061000, 2007-Ohio-6339. In Wilson, the court delegated the task of determining the amount of restitution on the victim's damaged vehicle to the probation department. The appellate court reversed the order and remanded the case to the trial court for imposition of a definite amount of restitution. Id. at ¶ 16-17.
 {¶ 20} Similarly, in State v. Purnell, 171 Ohio App.3d 446,2006-Ohio-6160, the court had reversed a restitution order which attempted to modify a previous restitution order. After pleading no contest to felonious assault, the trial court in Purnell issued an order imposing "up to $7,500" in restitution for the victim's hospital and medical bills related to the assault. The court later held a second restitution hearing and issued a second judgment entry modifying the restitution order to $38,232.74. On appeal, the court reversed the second order and reinstated the original order, limiting restitution to $7,500.
 {¶ 21} While both Wilson and Purnell dealt with R.C. 2929.18 and the imposition of restitution on felony convictions, the same analysis may be applied to R.C. 2929.28 for misdemeanor convictions, as in the case now before us. After appellant's restitution hearing in this case, the court ordered $1,039.60 in restitution, with "additional conditions" which read as follows: "further out of pocket restitution to be determined."
 {¶ 22} We agree with appellant that the open-ended portion of the court's restitution order fails to comply with the statute's requirements that the court determine an amount of *Page 7 
restitution, as supported by the preponderance of the evidence. While it is apparent from the transcript that the court wished to hold appellant accountable for the victim's out-of-pocket expenses, perhaps up to and including all of the $4,252.49 on appeal with his insurance carrier, such an objective is not reflected in the court's order. Because a court speaks only through its journal and not oral pronouncements, we reverse the court's open-ended restitution order and remand the case to the trial court for imposition of a definite amount of restitution. Appellant's second assignment of error is sustained.
 {¶ 23} Assignment of Error No. 3:
 {¶ 24} "THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT IN ITS CALCULATION OF THE AMOUNT OF RESTITUTION THAT IS CURRENTLY OWED."
 {¶ 25} In his third assignment of error, appellant points out that the trial court made a mathematical miscalculation when ordering the restitution amount. After reviewing the record, we agree that the trial court miscalculated the amount of the victim's out-of-pocket expenses when ordering restitution. The court calculated $562.30 in the victim's out-of-pocket expenses for co-pays and prescriptions, $370 in co-pays for surgery to the victim's shoulder, and $97.30 in out-of-pocket expenses to the hospital. The court then incorrectly calculated those amounts to total $1,039.60. The correct total is $1,029.60. Appellant's assignment of error has merit, and we therefore remand the order to allow the court to include the correct calculation in its new restitution order.
 {¶ 26} Assignment of Error No. 4:
 {¶ 27} "THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT WHEN IT ORDERED HIM TO PAY RESTITUTION FOR AN EXPENSE INCURRED BEFORE THE ASSAULT IN THIS CASE."
 {¶ 28} In his fourth and final assignment of error, appellant argues that the document *Page 8 
submitted as evidence of the out-of-pocket expenses with regard to the victim's shoulder surgery reflects a date for the procedure which pre-dates the March 9, 2006 assault. Appellant asserts that the $370 charge reflected in that document may not be included in the court's restitution order.
 {¶ 29} After reviewing the record, it is clear that the document submitted to demonstrate the victim's out-of-pocket expenses related to his shoulder surgery lists a "date of service" of February 1, 2006, which pre-dates the victim's injury sustained in the March fight. While it is unclear why the "date of service" on the victim's bill is inaccurate, we do note that both the victim and his surgeon testified that the victim underwent surgery to repair his shoulder on March 31, 2006. The victim testified that the $370 in co-pays, reflected on the bill submitted to the court, was from that surgery. We find that sufficient evidence was presented at the hearing to establish that the $370 in co-pays, as reflected in the document challenged by appellant, represents an actual loss, directly and proximately related to the commission of the offense for purposes of restitution, and was properly included in the court's order.
 {¶ 30} Further, appellant raised no objection to the document at the time it was submitted or relied upon by the court in calculating restitution. Accordingly, appellant's fourth assignment of error is without merit and is overruled.
 {¶ 31} Judgment affirmed in part, reversed in part, and remanded.
YOUNG, P.J. and WALSH, J., concur.
[1] Appellee did not file a response brief in this case.
[2] Because failure to maintain an assured clear distance is only a minor misdemeanor, and R.C. 2929.28 prohibits the imposition of restitution orders for minor misdemeanors, the court's restitution order only applied to the charge of driving without an operator's license. *Page 1