[Cite as *State v. Watters*, 2014-Ohio-2943.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

STATE OF OHIO,                              )
                                            )
     PLAINTIFF-APPELLEE,                   )
                                            )     CASE NO. 13 MA 151
VS.                                         )
                                            )     OPINION
STEVEN WATTERS,                             )
                                            )
     DEFENDANT-APPELLANT.                  )

CHARACTER OF PROCEEDINGS:     Criminal Appeal from Court of Common Pleas of Mahoning County, Ohio Case No. 2011CR584

JUDGMENT:     Reversed and Remanded

APPEARANCES:
For Plaintiff-Appellee     Paul Gains
Prosecutor
Ralph Rivera
Assistant Prosecutor
21 West Boardman Street, 6th Floor
Youngstown, Ohio 44503-1426

For Defendant-Appellant     Attorney Jason Small
20 West Federal Street
Suite M6
Youngstown, Ohio 44503

JUDGES:

Hon. Gene Donofrio
Hon. Cheryl L. Waite
Hon. Mary DeGenaro

Dated: June 19, 2014

DONOFRIO, J.

{¶1} Defendant-appellant Steven Watters, II appeals the decision from the Mahoning County Common Pleas Court ordering him to pay $5000 in restitution following his guilty plea to unauthorized use of a motor vehicle.

{¶2} On December 31, 2010, Watters was at a New Year's Eve party and was intoxicated. He took a car belonging to another person at the party. He wrecked the car, causing damage to it. Police arrived to conduct their crash investigation and arrested Watters for OVI.

{¶3} A few days later, after it was learned under what circumstances he had taken the vehicle, he was charged with receiving stolen property in violation of R.C. 2913.51(A), a fourth-degree felony. That charge was filed in Struthers Municipal Court which is the case that is the subject of the present appeal. The record is unclear what happened to the OVI charge other than Watters' counsel stating at sentencing for this case that it had been "taken care of." (August 28, 2013 Sentencing Hearing Tr. 5.)

{¶4} The receiving-stolen-property case was bound over to the Mahoning County Grand Jury. On June 23, 2011, he was indicted as charged. He pleaded not guilty, the trial court appointed him counsel, and the case proceeded to discovery and other extensive and prolonged pretrial matters.

{¶5} On July 1, 2013, the parties reached a Crim.R. 11 plea agreement. In exchange for Watters' no contest plea, the state agreed to amend the charge to unauthorized use of a motor vehicle in violation of R.C. 2913.03(A)(D)(1)(2), a first-degree misdemeanor, and recommend community control. The plea agreement specifically stated that the parties had not reached an agreement as to restitution.

{¶6} The trial court conducted a sentencing hearing on August 28, 2013. Concerning restitution, Watters' counsel asked the court to not order any restitution. He noted the absence of any documentation regarding the amount of damage that was done to the car and what, if any, insurance coverage there was on the car. Acknowledging that Watters had exceeded the scope of his authority to use the car, his counsel also argued that the victim had lent the car to Watters knowing that he

was intoxicated thereby implicating matters of comparative negligence, which he argued was better suited for a civil case. The state acknowledged the lack of documentation, but stated that the victim had informed its office that the damage had cost him approximately $10,000. The court proceeded to sentence Watters to three years community control with the condition that he pays $5,000 in restitution. This appeal followed.

{¶7} Watters sole assignment of error states:

> The trial court abused its discretion upon ordering restitution under R.C. 2929.18(A) without supporting evidence.

{¶8} Watters does not dispute that there was damage to the victim's car. However, he argues that the record in this case lacks any documentation or other evidence demonstrating the victim's economic loss. Thus, he argues that the trial court's restitution order was not supported by any evidence. In response, the state argues that it provided the trial court with an amount that was recommended by the victim and that was sufficient to support the trial court's restitution order.

{¶9} Misdemeanor financial sanctions, including restitution, are governed by R.C. 2929.28. Both Watters and the state mistakenly cite R.C. 2929.18 as controlling. R.C. 2929.18 governs financial sanctions, including restitution, for felonies. Although Watters was charged with a felony, he pleaded no contest to and was convicted of a misdemeanor. Therefore, R.C. 2929.28 (misdemeanor financial sanctions) applies, not R.C. 2929.18 (felony financial sanctions). Nonetheless, the two statutes are substantially similar, particularly in regards to the provisions relevant to this case. *State v. Sheehan*, 12th Dist. No. CA2006-10-285, 2008-Ohio-2737, ¶ 21 (noting that same analysis can be applied to both statutes).

{¶10} R.C. 2929.28(A)(1) authorizes a trial court to order a misdemeanor offender to pay restitution to a victim in an amount based upon the victim's economic loss:

(A) * * * [T]he court imposing a sentence upon an offender for a misdemeanor * * * may sentence the offender to any financial sanction or combination of financial sanctions authorized under this section. If the court in its discretion imposes one or more financial sanctions, the financial sanctions that may be imposed pursuant to this section include, but are not limited to, the following:

(1) * * * [R]estitution by the offender to the victim of the offender's crime or any survivor of the victim, in an amount based on the victim's economic loss. * * * If the court requires restitution, the court shall order that the restitution be made to the victim in open court or to the adult probation department that serves the jurisdiction or the clerk of the court on behalf of the victim.

{¶11} If the court imposes restitution, the court shall determine the amount of restitution to be paid by the offender. If the court imposes restitution, the court may base the amount of restitution it orders on an amount recommended by the victim, the offender, a presentence investigation report, estimates or receipts indicating the cost of repairing or replacing property, and other information, provided that the amount the court orders as restitution shall not exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense. If the court decides to impose restitution, the court shall hold an evidentiary hearing on restitution if the offender, victim, or survivor disputes the amount of restitution. If the court holds an evidentiary hearing, at the hearing the victim or survivor has the burden to prove by a preponderance of the evidence the amount of restitution sought from the offender.

{¶12} An appellate court reviews a restitution order for an abuse of discretion. *State v. Downie*, 183 Ohio App.3d 665, 2009-Ohio-4643, 918 N.E.2d 218 (7th Dist.), ¶ 30, citing *State v. Schandel,* 7th Dist. No. 07-CA-848, 2008-Ohio-6359, ¶ 154. A trial court abuses its discretion when its judgment is unreasonable, arbitrary, or unconscionable. *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E .2d 144 (1980). "It

is an abuse of discretion for a trial court to order restitution in an amount that does not bear a reasonable relationship to the actual loss suffered." *Id.*

**{¶13}** In this case, there was no evidence presented concerning the victim's economic loss. The victim did not appear at the sentencing hearing and the state did not present any documentation on his behalf to demonstrate economic loss. At the hearing, the assistant prosecutor handling the case stated to the court that the victim had informed their office "quite a distant time in the past" that the damage caused to the car was $10,000. The assistant prosecutor acknowledged that he did not have any documentation to support that amount.

**{¶14}** As Watters's appellate counsel correctly notes, the assistant prosecutor's statements alone regarding what the victim had told their office do not constitute evidence. *State v. Jackson*, 4th Dist. No. 11CA3263, 2012-Ohio-4235, ¶ 10 (statements made by prosecutor regarding amount of damages caused by defendant to police cruiser video system not considered evidence for purposes of restitution). Here, there was no evidence presented, documentary or otherwise, as to the actual economic loss suffered by the victim. Therefore, it was impossible for the trial court to order restitution in an amount that bore any reasonable relationship to the actual loss suffered. Consequently, the trial court's restitution order of $5,000 was arbitrary and thus an abuse of discretion.

**{¶15}** Accordingly, Watters' sole assignment of error has merit.

**{¶16}** The judgment of the trial court ordering restitution of $5,000 is reversed and the matter remanded for the limited purpose of conducting a hearing on the issue of restitution.

Waite, J., concurs.

DeGenaro, P.J., concurs in judgment only.