[Cite as *State v. Veal*, 2026-Ohio-488.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | C.A. No. 30373 |
| Appellee | : | |
| | : | Trial Court Case No. 24 TRD 4024 |
| v. | : | |
| | : | (Criminal Appeal from Municipal Court) |
| DENNIS VEAL | : | |
| | : | **FINAL JUDGMENT ENTRY &** |
| Appellant | : | **OPINION** |
| | : | |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on February 13, 2026, the judgment of the trial court is affirmed in part and reversed in part.

Costs to be paid as follows: 50% by appellee and 50% by appellant.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

For the court,

_____
RONALD C. LEWIS, PRESIDING JUDGE

TUCKER, J., and HANSEMAN, J., concur.

OPINION

ARVIN S. MILLER, Attorney for Appellant
STEPHANIE L. COOK, Attorney for Appellee

LEWIS, J.

{¶ 1} Defendant-Appellant Dennis Veal appeals from his convictions in the Dayton Municipal Court for operating a motor vehicle without a valid license ("driving without a license"), a first-degree misdemeanor, and a red-light violation, a minor misdemeanor. For the following reasons, we reverse the judgment of the trial court in part and affirm it in part.

## I.    Facts and Procedural History

{¶ 2} The events giving rise to this matter occurred on July 8, 2024, when Veal ran a red light at the intersection of Philadelphia Drive and Salem Avenue, colliding with and totaling a vehicle driven by Kalijah Johnson. Veal was cited for driving without a license, driving under suspension, failure to wear a seat belt, and a red-light violation. He pleaded not guilty on July 18, 2024, and provided proof of insurance.

{¶ 3} On August 20, 2024, Veal pleaded guilty to driving without a license and no contest to the red-light violation. The two remaining charges were withdrawn. The court found Veal guilty and ordered a pre-sentence investigation.

{¶ 4} A restitution hearing was held on December 10, 2024, at which time the State requested reimbursement for rental car expenses incurred by Johnson's mother for a car she rented for Johnson after the accident. Johnson and his mother testified at the restitution hearing.

{¶ 5} Renata Lewis testified that she is Johnson's mother and that he turned 18 in November 2023. He had obtained the vehicle driven at the time of the accident by means

of a "deferred payment" plan with Byrider Dealership, under which Johnson was required to make four bi-weekly payments to establish credit with the dealership. By the time of the accident, he had made three payments of $375. Lewis did not co-sign for the vehicle, and she was not present at the accident. Because the fourth payment had not been made, Johnson did not obtain ownership of the car, and he lost a total of $1,125 in payments after it was totaled.

{¶ 6} Lewis was employed at a group home where she was on call twenty-four hours a day, seven days a week. She had her own vehicle. Johnson was also employed, his brother and sister attended school, and his sister also had a job. Lewis relied on Johnson to transport his siblings. Lewis stated that she and Johnson did not receive any payments from their insurance company after the accident, but they learned that the dealership had been paid. She testified that she had retained the services of a personal injury attorney.

{¶ 7} Lewis's sister was employed at Enterprise, and Lewis was able to obtain a rental car there for Johnson at a "friends and family" discount. Lewis identified three rental agreements with Enterprise, which resulted in rental car charges totaling $1,598.75.

{¶ 8} Johnson testified that he ran a "cleaning service" and was able to obtain his vehicle based on his income from the business. Lewis rented the car from Enterprise because the cost for Johnson to rent the car in his own name would have been more expensive, and Lewis was able to get the "friends and family discount" from her sister. Johnson intended to repay Lewis for the rental car. Without the rental car, Johnson would have been unable to work.

{¶ 9} The court set the matter for disposition and granted defense counsel the opportunity to review the rental car agreements and present "any additional defenses or any exhibits that he deem[ed] necessary" regarding restitution at the final disposition.

{¶ 10} On January 15, 2025, a sentencing hearing was held. At the hearing, the trial court indicated that it lacked authority to order restitution in favor of Lewis because she was not a party to the action, and she rented the vehicle as a matter of "personal choice." As to Johnson, however, the court stated, "[H]e had built equity up in [the totaled] vehicle and it is unfair for him to lose the value of money he's paid towards that vehicle through the accident that Mr. Veal caused while he's unlicensed and driving the motor vehicle and crashing as a result of a red-light violation." Tr. 62.

{¶ 11} Defense counsel objected and argued, "[W]hat the court has actually done is turn the red-light violation that we [pleaded] no contest to [into] an adjudication of responsibility for that and has deprived Mr. Veal of his rights that he would have to due process in a civil setting." Tr. 64. Counsel noted that Veal provided proof of insurance, asserted that the court lacked authority to order restitution, and stated that Lewis acknowledged at the restitution hearing that she and Johnson had retained an attorney and were pursuing a civil action for damages. Counsel disputed that Johnson had any equity in the vehicle at the time of the loss because he had not made the fourth payment in accordance with the deferred payment plan. Counsel further argued, "[T]he matter was settled by insurance. The payment made for the vehicle was done and that was accepted by him and what the court is doing without any underlying facts is assessing a restitution amount over and above his requirements or his coverage, which he didn't even reach the limits of his coverage on the insurance." Tr. 65. Counsel argued that Veal's lack of a valid driver's license did not cause the accident, and to overlook that was a "great error."

{¶ 12} The following exchange then occurred:

THE COURT: I understand. Your objection is noted. Pursuant to 2929.2(A)1 [sic] the court does have the power to order restitution. I

4

understand that there's a disagreement as to whether it's ordered under the traffic light violation or the no operator's license violation. However, the court has taken those in conjunction in finding that Mr. Veal operated a motor vehicle, contrary to law, when he was driving without a license. As a direct and proximate result of him operating a vehicle without a license he caused a motor vehicle collision that resulted in economic loss for Mr. Johnson with [$1,125]. It's not required that a victim establish ownership of something before they can be entitled to economic compensation and just that they experience some sort of loss for those reasons. The court has ordered this restitution amount. Your objection is noted. Anything further?

THE DEFENSE: Restitution is ordered as a result of the no driver's license because that's the only jailable offense in this.

THE COURT: I understand. I can take the two offenses in conjunction and consider it with the scope and course of the case. I mean I'm not restricting to just one charge. I can order restitution and I ordered restitution.

Tr. 65-66.

{¶ 13} On the driving without a license conviction, the trial court sentenced Veal to 180 days in jail, suspended all 180 days, and placed him on two years of basic probation. Veal was ordered to pay restitution in the amount of $1,125. The court imposed a $50 fine,

5

also suspended, plus court costs.  The court did not impose a sentence for the red-light violation.[1]

{¶ 14} Veal filed a timely notice of appeal from the trial court's judgment.

**II.    The Record Does Not Establish that the Alleged Economic Loss Was Proximately Caused by Veal's Driving Without A License**

{¶ 15} Veal's first assignment of error states:

THE TRIAL COURT ERRED IN ORDERING THE DEFENDANT TO PAY RESTITUTION TO THE DRIVER OF A CAR WHO WAS INVOLVED IN A CAR ACCIDENT WITH THE DEFENDANT, ALLEGEDLY DUE TO THE DEFENDANT'S VIOLATION OF A MINOR MISDEMEANOR TRAFFIC VIOLATION, SIMPLY BECAUSE THE DEFENDANT WAS CHARGED WITH DRIVING WITHOUT A VALID LICENSE.

{¶ 16} Veal asserts that the red-light violation was the direct and proximate cause of the damage suffered by Johnson, and restitution is not allowed to be ordered in minor misdemeanor cases.   This is so, according to Veal, because the red-light violation may be resolved by the traffic violations bureau.   Veal argues that Johnson may seek reimbursement for damages from the accident through a civil action.   Further, he claims that his lack of a driver's license did not cause Johnson's damages and that Johnson is not a "victim" under Marsy's Law.

---

1. Although not at issue in this appeal, we note that the trial court's original judgment entry reflected that Veal pleaded guilty to driving without a license but erroneously cited R.C. 4510.11(A), which prohibits driving under suspension.  The entry also erroneously indicated that Veal pleaded guilty to the red-light violation, and it did not note the withdrawal of the other charges.   The entry was modified on January 23, 2025, again stating that Veal pleaded guilty to both charges, but incorrectly citing R.C. 4510.11(A).   The modified entry then reflected that the driving under suspension and seatbelt violations were withdrawn. R.C. 4510.12 (driving without a license) was not cited in the final entry.

**{¶ 17}** The State responds that Veal's initial assigned error is waived and also without merit. The State directs our attention to *Columbus v. Repine*, 2007-Ohio-5015 (10th Dist.). It is significant, the State asserts, that Veal was convicted of driving without a license and not driving with a suspended license.

**{¶ 18}** In reply, Veal argues that unlike the appellant in *Repine*, he previously had a valid driver's license. He asserts that the logic in *Repine* is "faulty" because many "licensed drivers still have accidents even though they have met the requirements of having a license."

**{¶ 19}** "[W]e generally review a trial court's order of restitution under an abuse of discretion standard; an abuse of discretion implies that the court's attitude is unreasonable, arbitrary, or unconscionable." *State v. Wilson*, 2015-Ohio-3167, ¶ 11 (2d Dist.), citing *State v. Johnson*, 2012-Ohio-1230, ¶ 11 (2d Dist.), and *State v. Naylor*, 2011-Ohio-960, ¶ 22 (2d Dist.). "'A trial court abuses its discretion when it orders restitution that does not bear a reasonable relationship to the actual financial loss suffered.'" *State v. Williams*, 2017-Ohio-125, ¶ 14 (2d Dist.), quoting *Wilson* at ¶ 11. "In addition, a trial court abuses its discretion if the award of restitution is not supported by competent, credible evidence in the record from which the court can discern the amount of restitution to a reasonable degree of certainty." *Id.*, citing *State v. Olson*, 2013-Ohio-4403, ¶ 33 (2d Dist.). "'The State bears the burden of establishing the restitution amount.'" *State v. Moore*, 2023-Ohio-3318, ¶ 11 (1st Dist.), quoting *State v. Caldwell*, 2023-Ohio-355, ¶ 16 (4th Dist.).

**{¶ 20}** Before addressing the merits of Veal's arguments, we must address the State's waiver argument. According to the State, Veal's counsel waited until after the imposition of the sentence to argue that "the court incorrectly boot-strapped the right to restitution by tying it to the defendant's misdemeanor charge of driving with an invalid driver's license." Appellee's Brief, p. 8, citing Tr. 65. We disagree.

7

{¶ 21} A review of the transcript reveals that Veal's counsel raised the argument in a timely fashion. The sentencing hearing began with the State requesting restitution only for Lewis for the rental charges incurred after the collision. The pre-sentence investigation report also recommended restitution for the rental car charge. Defense counsel stated the reasons why the trial court should not order restitution for Lewis. The trial court ultimately decided not to award restitution to Lewis but then said that it was going to award restitution to Johnson for the three payments he had made to the car dealership before the collision occurred. While the trial court was explaining its reasoning for awarding this restitution, defense counsel stated, "At the appropriate time I'm going to voice my objections." Tr. 63. The trial court acknowledged this statement and subsequently allowed defense counsel to place the objection on the record. After defense counsel explained the reasoning behind the objection, the trial court awarded restitution to Johnson. Based on this record, we conclude that Veal did not waive the arguments he now raises in his first assignment of error. Therefore, we may consider whether the trial court abused its discretion by imposing restitution.

{¶ 22} "Marsy's Law is an amendment to Article I, Section 10a of the Ohio Constitution that expanded the rights afforded to victims of crimes." *State v. Trent*, 2025-Ohio-1278, ¶ 12 (2d Dist.). "Marsy's Law provides a right to 'full and timely restitution' but did not alter the meaning of 'restitution' in Ohio law. Restitution in Ohio is limited to economic losses suffered by the victim as a direct and proximate result of the commission of the offense." *State v Yerkey*, 2022-Ohio-4298, ¶ 1. *See also* R.C. 2929.28(A)(1) ("The amount the court orders as restitution shall not exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense."). Marsy's Law defines a "victim" as "a person against whom the criminal offense or delinquent

8

act is committed or who is directly and proximately harmed by the commission of the offense or act." Ohio Const., art. I, § 10a(D). Economic loss is "any economic detriment suffered by a victim as a direct and proximate result of the commission of an offense," including "any property loss . . . incurred as a result of the commission of the offense." R.C. 2929.01(L).

{¶ 23} "Generally speaking, a consequence is a direct and proximate result of an act when the consequence is foreseeable and is produced by the natural and continuous sequence of events following the act." *Yerkey* at ¶ 16, citing *Strother v. Hutchinson*, 67 Ohio St.2d 282, 286-287 (1981). Further, "[c]onduct is the direct cause of a result if 'the result would not have occurred "but for" the conduct.'" *State v. Borger*, 2023-Ohio-1124, ¶ 19 (1st Dist.), quoting *State v. Lovelace*, 137 Ohio App.3d 206, 216 (1st Dist. 1999).

{¶ 24} R.C. 2929.28 governs the financial sanctions that may be imposed in misdemeanor cases. A trial court "may not impose restitution as a sanction pursuant to this division if the offense could be disposed of by the traffic violations bureau serving the court under Traffic Rule 13." R.C. 2929.28(A)(1). This traffic rule provides that "[d]riving without being licensed to drive when jail is a possible penalty" cannot be processed by a traffic violations bureau, whereas a red-light violation may be. Traf.R. 13(B)(5). Therefore, if the only direct and proximate cause of Johnson's alleged economic loss was Veal's red-light violation, the trial court could not have imposed restitution. *See State v. Miller*, 2012-Ohio-211, ¶ 15 (2d Dist.) ("But since Miller was charged with a minor misdemeanor, the court could not have ordered her to pay restitution.").

{¶ 25} It appears undisputed that the only proximate cause of the traffic collision at issue in this appeal was Veal's running of a red light at the intersection of Philadelphia Drive and Salem Avenue. As noted above, a trial court cannot impose restitution based on a red-light violation. Nonetheless, the State relies on the proximate cause analysis in *Repine* to

9

support the trial court's restitution order. There, the defendant was in a car accident, and he pleaded no contest to failure to maintain an assured clear distance, a minor misdemeanor, and driving without a license. *Repine*, 2007-Ohio-5015, at ¶ 2 (10th Dist.). The trial court ordered the defendant to pay restitution. *Id.* "The trial court determined that the collision was a direct and proximate result of the failure of appellant to adequately prepare himself to be a licensed driver and to demonstrate his preparation to the appropriate testing authorities." *Id.* at ¶ 9. The Tenth District noted that "the trial court could not order restitution for the offense which was the most direct cause of the economic harm," namely failure to maintain an assured clear distance. *Id.* at ¶ 6. But the Tenth District held that the trial court did not abuse its discretion in awarding restitution because the defendant's failure to obtain a driver's license "could well have been a cause of the collision." *Id.* at ¶ 13. The court reasoned that "[p]roper training would have helped him understand speed requirements, stopping distances and defensive driving, any one of which would have prevented this collision." *Id.*

{¶ 26} Here, unlike in *Repine*, the record established that Veal had previously obtained a driver's license. Veal stated that due to his involvement in another accident, he had lost his license the year prior to the traffic collision with Johnson. Tr. 60-61. Although the trial court stated that it considered Veal's red-light and driving without a license offenses "in conjunction," it further stated that "as a direct and proximate result of him operating a vehicle without a license he caused a motor vehicle collision that resulted in economic loss for Mr. Johnson . . . ." Tr. 65.

{¶ 27} The trial court unreasonably concluded that Veal's driving without a license was a direct and proximate cause of the motor vehicle collision and Johnson's alleged economic loss. The collision and alleged economic loss were not consequences of the

10

natural and continuous sequence of events following Veal's act of driving without a license. Further, it is not reasonably foreseeable that a traffic collision will occur simply because a person drives without a license. The same cannot be said for a red-light violation. When a person runs a red light, it is reasonably foreseeable that a collision will occur. And it is undisputed that Veal's red-light violation directly caused the collision.

{¶ 28} There is no evidence in the record that Veal's act of driving without a license was a proximate cause of the collision or any alleged economic loss. Without a direct and proximate causal relationship between Veal's driving without a license and Johnson's economic loss, we must conclude the trial court abused its discretion in imposing restitution.

{¶ 29} Veal's first assignment of error is sustained.

## III. The Second Assignment of Error Is Overruled As Moot

{¶ 30} Veal's second assignment of error states:

THE TRIAL COURT ERRED BY FINDING THAT PRIOR PAYMENTS TOWARDS THE PURCHASE OF A CAR ARE RECOVERABLE AS RESTITUTION PURSUANT TO R.C. 2929.28(A)(1).

{¶ 31} Veal argues that the trial court erred in finding that payments he made toward the purchase of the car involved in the accident were recoverable in restitution because the payments do not constitute economic loss. Based on our disposition of the first assignment of error, we need not resolve Veal's second assignment of error. Therefore, the second assignment of error is overruled as moot. App.R. 12(A)(1)(c).

## IV. Conclusion

{¶ 32} Having sustained Veal's first assignment of error, we reverse the judgment of the trial court to the extent that it imposed restitution. The judgment is affirmed in all other

11

respects.

. . . . . . . . . . . . .

TUCKER, J., and HANSEMAN, J., concur.